Luke C. CASH, Appellant,

v.

CITY OF HOUSTON et al., Appellees.

No. 86.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 20, 1968.

Rehearing Denied April 17, 1968.

Charles Kipple, Saccomanno, Clegg & Martin, Houston, for appellant.

William A. Olson, City Atty., F. William Colburn, Senior Asst. City Atty., Houston, for appellees.

SAM D. JOHNSON, Justice.

The case arises under Article 1269m, Vernon's Ann.Tex.Civ.St., the Firemen's and Policemen's Civil Service statute.

Appellant, plaintiff below, was denied a promotion to the position of Assistant Fire Chief of the City of Houston Fire Department. Appellant attempted to appeal to the District Court from the decisions of the Firemen's and Policemen's Civil Service Commission upholding the Fire Chief's rejections of appellant for such appointment. Appellant's appeal was dismissed for want of jurisdiction by the trial court.

Appellant's cause proceeded to trial, however, as an application for writ of mandamus. It was heard by the court below without a jury and judgment was for appellees denying the writ of mandamus. Appeal is perfected from the judgment of the trial court.

The essential facts are as follows: On December 20, 1966, three vacancies existed in the classification of Assistant Chief of the City of Houston Fire Department. After appropriate notice the Firemen's and Policemen's Civil Service Commission administered an examination to give applicants, one of whom was appellant, Luke C. Cash. Appellant scored the highest on the written examination and, all applicants being equal in seniority points and efficiency reports, became the highest on the Register of Eligibles. On the same date, January 13, 1967, the Fire Chief submitted three separate requests to the Commission, each seeking certification of eligibles for one of the three vacant classifications of the same rank, that of Assistant Fire Chief.

The Commission's first reply was dated January 16, 1967, and named Luke C. Cash first, the second highest eligible second, and the third highest eligible third. On January 20, 1967, the Fire Chief announced his intention to bypass Luke C. Cash and to appoint the second highest eligible to Assistant Chief. Appellant filed an application for review and the Commission upheld the Fire Chief's decision February 3, 1967.

Thereafter, on February 6, 1967, the Commission replied a second time to the Fire Chief's request of January 13, 1967, by certifying a second list of three eligibles. It named Luke C. Cash first, the third highest eligible (on the original list) second, and the fourth highest eligible third. The Fire Chief then announced his intention to bypass Luke C. Cash a second time and to appoint the second ranked on the second list, but third highest on the original list of eligibles. Appellant filed a second application for review and the Commission upheld the Fire Chief's decision on February 28, 1967.

Thereafter, on March 1, 1967, the Commission replied a third time to the Fire Chief's requests of January 13, 1967, by certifying a third list of three eligibles. It named Luke C. Cash first, the fourth highest eligible (on the original list) second, and the fifth highest eligible third. The Fire Chief then announced his intention to bypass Luke C. Cash a third time and to appoint the second ranked on the third list, but fourth highest on the original list of eligibles. Appellant filed a third application for review and the Commission upheld the Fire Chief's decision on March 23, 1967.

After each of the three certifications of eligibles by the Commission, the Fire Chief filed identical letters with the Commission setting out his reasons for not appointing appellant to Assistant Chief and announcing his intention to appoint the second name on each list. The reasons stated are substantially that appellant: (1) had demonstrated a lack of ability in coordinating work under his jurisdiction; (2) was not able to properly supervise personnel within his jurisdiction; (3) could not assume a reasonable delegation of authority; and (4) had admitted to the Chief that he is unable and considerably embarrassed when called upon to speak before a group of people.

In each of the three instances, and within ten days after each of the Commission's orders upholding the Fire Chief's decisions, appellant sought judicial review by pleadings filed in this cause in the District Court. A preliminary hearing on appellee's plea to

the jurisdiction resulted in an order dismissing appellant's cause insofar as an *appeal* to the court from the Commissioner's order was sought, but affirming the District Court's jurisdiction insofar as appellant sought relief by way of mandamus.

In establishing his right to a writ of mandamus, it is appellant's contention that the Fire Chief had the duty of appointing appellant to one of the three vacant positions of Assistant Fire Chief from the moment he received certification of the first list of three eligibles on January 16, 1967, and that this duty was ministerial and mandatory by virtue of the provisions regarding vacancies and promotions in the Firemen's and Policemen's Civil Service Act, V.T.C.C., Art. 1269m. Stated another way, it is appellant's position that where three vacancies exist in one classification at the time request for certification of eligibles is made, that only the three top names can be certified and all three persons must be appointed.

Appellant contends for such construction by combining the provisions of Section 10 with those of Section 14, subd. E. Section 10 requires the Fire Chief to request the names of suitable persons from the three names certified and "the appointment shall be of the person with the highest grade, except there be a valid reason why the appointment should be given to the one making the second or third highest grade." Appellant reasons, and we think correctly, that the language in Section 10 restricts appointments made thereunder to the first, second or third names. Stated another way, appointments under Section 10 cannot be made except from the names certified.

It is apparent, however, from an examination of the Firemen's and Policemen's Civil Service Act, that Sections 9, 10 and 11 are intended to govern *original* appointments. Section 14, subd. E, on the other hand, is entitled "Promotions, filling vacancies" and is obviously intended to be applicable to that type of situation. A consideration of promotion is presented in the pres-

ent fact situation, not an original appointment.

Section 14, subd. E provides, "Upon written request by the Heads of the Departments for a person to fill a vacancy in any classification, the Commission shall certify to the Head of the Department the three (3) names having the highest grades on such eligibility list for such classification for the vacancy requested to be filled, and the Head of such Department shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person."

To give the statute the construction prayed for by the appellant would eliminate an ingredient specifically provided for in Section 14, subd. E, that of *discretion* within the bounds enumerated. If the duty placed on the Fire Chief is purely ministerial, and is to appoint the first three names to the three Assistant Chief positions, the specific legislative provision providing for discretion for valid reasons is eliminated. It is only by virtue of the peculiar nature of the instant fact situation, i.e., three vacancies at one time, that the question is presented. Would there be limited discretion if two vacancies existed? If there were four or more vacancies what must the Commission do? In our judgment the Commission here did what the Act requires and what is reasonable, it certified *three* names to *a* vacancy. Appellant's first point of error is overruled.

Appellant's second point of error is that, to the extent that the appointments were discretionary, the evidence was clear that the Fire Chief's refusal to promote appellant was an abuse of discretion. The trial

court concluded that the rejections of appellant and the Chief's reasons given therefore, were not arbitrary, capricious or unreasonable and did not constititue an abuse of discretion.

 Mandamus may issue in a proper case to correct a clear abuse of discretion, especially where there is no adequate remedy at law. Dykes v. City of Houston, 406 S.W.2d 176 (Tex.Civ.App.); Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956). The inquiry pursuant to the substantial evidence rule is limited to a determination of a question of law, to-wit: is the administrative decision under review reasonably supported by the substantial evidence. Fire Dept. of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664; Fuller v. Mitchell, 269 S.W.2d 517 (Tex.Civ. App., writ ref., n. r. e.).

 There is a settled presumption in favor of the questioned order and the burden is on the appealing party to show that it is *not* reasonably supported by the substantial evidence. City of San Antonio v. Texas Water Commission, 407 S.W.2d 752 (Tex. Sup.1966); Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A. L.R.2d 965.

Under Section 14, subd. E of Article 1269m, the head of the department, was given the discretion to pass over higher names on the eligibility list in order to promote names lower on such list by meeting certain requirements. In accordance with those requirements, he filed what he considered to be "valid reason for not appointing such highest name" in writing with the Commission, the substance of which were set forth previously. The Section further provides that the reasons filed by the Fire Chief shall be "valid and subject to review by the Commission upon the application of such rejected person."

The Commission here, acting on the application of the appellant, granted appellant a full and complete hearing at which he was represented by attorney and presented evidence. After such reviews the Commission rendered decisions in each instance upholding the decisions of the Fire Chief and sustaining the validity of his actions.

The trial court then granted appellant a hearing on his application for mandamus. The statement of facts indicates that the court considered the evidence in full, including all witnesses presented. These were the appellant, the Fire Chief, the three men who received the appointments, and three other Chiefs. The trial court determined that the acts of the Fire Chief were not arbitrary, capricious or unreasonable, did not constitute an abuse of discretion, and were reasonably supported by the substantial evidence.

The three vacancies that were to be filled were second in importance in the Fire Department only to the position of the Fire Chief. The evidence here showed that the Fire Chief had the unusual opportunity of seeing the appellant function for over five months in the position for which he was being considered. He also had the opportunity of observing at least two other candidates function in the same job. The record indicates that initially, the Fire Chief had a very high regard for the appellant and considered him the best man for the job. The Fire Chief removed appellant from the acting position because he was not performing satisfactorily and if he had been so performing, he would have retained the acting appointment. Considering the importance of the position and the significance of the responsibility attached thereto, the reasons set forth by the Fire Chief on their face appear to be valid and sufficient. The record substantiates this conclusion.

 We must conclude that appellant has not discharged his burden of showing that the decisions of the Fire Chief and the Firemen's and Policemen's Civil Service Commission are not reasonably supported by the

**628**

substantial evidence. Appellant's second point of error is overruled.

■ Appellant's third point of error is that the trial court erred in dismissing the original *appeal* for want of jurisdiction. In City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, the Supreme Court held that there was no statutory right of appeal from an order of *demotion*. A subsequent amendment specifically provided for appeal where demotion occurs and amended Section 18 of the Statute now provides, "In the event any Fireman or Policeman is dissatisfied with the decision of the Commission, he may * * * file a petition in the District Court, asking that his order of *suspension or dismissal or demotion* be set aside * * *." The statutory authority refers to "suspension or dismissal or demotion," and does not refer to the situation here presented, that is, a failure to promote. The statutory authority for appeal does not appear in such instance.

■ Appellant contends, in the alternative, there is an *inherent* right of appeal. In City of Amarillo v. Hancock, supra, the Supreme Court stated, "* * * the courts should recognize an *inherent right of appeal* from an administrative body created by an act *silent* on the question of appeal *only* where the administrative action complained of violates a constitutional provision." (Emphasis added). There the trial and intermediate appellate court found an inherent right of appeal and the Supreme Court reversed and ordered that the case be dismissed for want of jurisdiction. See also Sfair v. City of San Antonio, 274 S.W.2d 581 (Tex.Civ.App.1955), writ ref., n. r. e.; Mason v. City of San Antonio, 324 S.W.2d 90 (Tex.Civ.App.1959, no writ hist.); Stone v. Texas Liquor Control Board, 417 S.W.2d 385 (Tex.Sup.Ct.1967). We must conclude no inherent right of appeal exists in the fact situation here presented. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed, Associate Justice Barron not sitting.