The FIREMEN'S AND POLICEMEN'S CIV-IL SERVICE COMMISSION OF the CITY OF FORT WORTH, Texas, Petitioner,

v.

B. M. KENNEDY, Respondent.

No. B-4401.

Supreme Court of Texas.

Sept. 24, 1974.

S. G. Johndroe, Jr., City Atty., Theodore P. Gorski, Jr., Asst. City Atty., Fort Worth, for petitioner.

Trickey & Trickey, Richard M. Trickey, Fort Worth, for respondent.

WALKER, Justice.

This is an appeal from an order of the trial court granting a temporary injunction. The Court of Civil Appeals affirmed. 502 S.W.2d 559. We reverse the judgments below and dismiss the cause in so far as it relates to a temporary injunction, because in our opinion the trial court had no jurisdiction of the main case out of which the application for a temporary injunction grew.[1]

The main case is an attempted appeal from the action of the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth in ordering its secretary: (1) to regrade the answer sheets submitted during a promotional examination for the office of deputy police chief; (2) to post the revised scores as determined thereby. On March 6, 1973, the commission held a promotional examination for deputy police chief as required by Section 14 of Art. 1269m, Vernon's Ann. Civ.St. The examination was taken by a number of qualified applicants, including Capt. B. M. Kennedy, respondent, and Capt. H. L. Clark. Immediately after the examination was completed, the answer sheets were graded and an eligibility list was prepared on the basis of the examination scores combined with points for each applicant's seniority and credit for his two most recent semiannual efficiency reports.

On this eligibility list, which was posted March 7, Capt. Kennedy was No. 1 with a score of 90.49 and Capt. Clark was No. 3 with a score of 89.37.

On March 8, which was within the five days allowed by the statute, Capt. Clark filed an appeal with the commission in which he complained of 13 questions. The entire examination consisted of 100 multiple-choice questions, and each correct answer counted one point. The hearing on the appeal was held by the commission on March 26, and at that time Capt. Clark withdrew his objections to one question. The commission concluded that through clerical error the answers to four questions were incorrectly listed on the grading key, that two questions were invalid because not based on reference material made available to the examinees, that three questions were invalid because they were vague, ambiguous and contradictory, and that the remaining three challenged questions were valid. By order dated March 29 in which these findings were recited, the commission directed its secretary to regrade all answer sheets, using the correct answer key and considering only answers to valid questions, and to post revised scores based upon the answers to questions deemed valid by the commission. This order was carried out promptly, and a revised eligibility list was posted on which Capt. Clark was No. 1 with a score of 98.73 and Capt. Kennedy was No. 2 with a score of 97.71.

On April 2 Capt. Kennedy protested the commission's order because of the failure to include the answers to two questions the commission had concluded were so vague, ambiguous and contradictory that they should be disregarded in computing the examination grades. After a further hearing held on April 23, the commission reaffirmed its determination that the two questions were invalid and ordered that the revised scores remain as posted pursuant to the order of March 29. Capt. Kennedy

---

1. On the question of our jurisdiction to entertain an application for writ of error in an appeal from an order granting or refusing a temporary injunction, see Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417.

then instituted the present suit against the commission and Capt. Clark, praying for temporary and permanent injunctions restraining the commission from regrading the examination without considering the answers to the two questions and from certifying to the head of the department the eligibility list based on the revised scores. As previously indicated, the trial court granted a temporary injunction and the Court of Civil Appeals affirmed.

Since the statute does not provide for judicial review of the commission's action in ordering, on appeal by an examinee, a promotional examination to be regraded and an eligibility list revised accordingly, the commission has insisted from the beginning that the district court had no jurisdiction to entertain the suit. In rejecting this contention, the Court of Civil Appeals reasoned from our decision in Fire Dept. of City of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664, that any act of the commission in the exercise of its statutory power and responsibility "must be exercised reasonably and according to law and can in no sense be regarded as a matter of discretion beyond judicial review." This is an overly broad application of the opinion and holding in the cited case. The question there was whether Section 18 of Art. 1269m, which authorized an appeal to the district court from an order of suspension or dismissal, violated our Constitution by conferring legislative and executive power on the courts. After observing that Section 5 of the statute provided an exclusive list of acts of misconduct that might constitute grounds for removal or suspension, the Court stated:

. . . The rules under which the commission acts must conform to the pattern of Section 5; and the only power the commission has to order the removal or suspension of an employee rests upon a determination that he has been guilty of one or more of the enumerated derelictions. This responsibility must be exercised reasonably and according to law, and can in no sense be regarded as a matter of discretion beyond judicial review.

The last quoted sentence refers to the commission's responsibility in ordering the temporary suspension or permanent dismissal of an employee, and it is not correct to say that every act of the commission is subject to judicial review. We have held to the contrary. In City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, the plaintiff Hancock was demoted from captain to driver by the Civil Service Commission of the City of Amarillo on recommendation of the chief of the department. Hancock brought suit in the district court seeking judicial review of the demotion order and a judgment restoring him to the rank of captain. At that time Section 18 of Art. 1269m, which is the only statutory authority for judicial review of the commission's actions, provided for an appeal to the district court from an order of suspension or dismissal. It was held that the statute did not authorize an appeal from an order of demotion and that the district court had no jurisdiction of the suit. The latter holding was based on the rule that an inherent right of appeal from an administrative body created by an act silent on the question will be recognized only where the administrative action complained of violates a constitutional provision. This is the settled law in Texas. See Texas Liquor Control Board v. Canyon Creek Land Corporation, Tex.Sup., 456 S.W.2d 891; Stone v. Texas Liquor Control Board, Tex.Sup., 417 S.W.2d 385. The Court reasoned that Hancock did not have a vested property right in the position of captain. This being so, it concluded that an inherent right to judicial review was not required by due process, which was the only constitutional principle that might have been violated.

Section 18 of the statute was amended in 1955 to authorize an appeal from a demotion order, but there is no provision for judicial review of the commission's action in the exercise of its power to review the grading of a promotional examination.

Applying the reasoning of *Hancock* here, the Legislature has established a civil service system by statute with the requirement that promotions be based on competitive examinations. If it were not for these statutory provisions, the promotion of firemen and policemen would be strictly within the discretion of the department head or other responsible authority. Any rights or advantages that a particular member of the department may enjoy by virtue of this merit system of advancement are dependent upon, and subject to all the limitations and infirmities of, the statute. In establishing the system, the Legislature was entirely free to require, as it did implicitly, that the commission be the final arbitor with respect to grades and method of grading when an examinee exercised his right of appeal.

Capt. Kennedy's initial grade and standing did not give him a vested right to any particular place on the eligibility list, and there is no contention that he was denied procedural due process. He does say that the action of the commission in ordering that the answers to two questions be disregarded was in violation of the statutory requirement that "grades on such written examinations . . . shall be determined entirely by the correctness of each applicant's answers to such questions." We do not agree. The examining authority may properly determine in retrospect and as part of the grading process, that a question is so vague and ambiguous that any of the multiple-choice answers should be accepted as correct. It may accomplish the same result by simply disregarding the answers to the question in computing the grades on the examination. There is no suggestion that the commission here was guilty of fraud or bad faith, respondent's basic contention being that the commission's action with respect to the two questions was arbitrary and capricious, i. e. not supported by substantial evidence. The courts have no power to review the order of the commission on that ground.

Under the provisions of Section 14 of Art. 1269m, an eligibility list remains in effect for one year unless exhausted. It automatically expires at the end of the year, and a new examination must then be given. The eligibility list in the present case became effective on March 7, 1973, and expired on March 6, 1974. It appears, however, that there was a vacancy in the office of Deputy Chief of the Fort Worth Police Department while the list was in effect. The examination in question was given for the purpose of creating an eligibility list to fill that position. Anyone who established his right to the highest grade on the list would have been entitled to first consideration by the head of the department even though the list had expired while the case was making its way through the courts. See Duckett v. City of Houston, Tex.Sup., 495 S.W.2d 883. We conclude that the present case is not moot.

The judgments of the courts below are reversed, the temporary injunction is dissolved, and the cause, in so far as it relates to a temporary injunction, is dismissed at respondent's cost. On the basis of the present record, the trial court should sustain petitioner's plea to the jurisdiction and dismiss the entire cause.