**Daniel PRUITT, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

**No. 16770.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 17, 1977.

Rehearing Denied March 17, 1977.

Dixie, Wolf & Hall, George C. Dixie, Houston, for appellant.

Otis H. King, City Atty., Alan F. Levin, Senior Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellees.

PEDEN, Justice.

This is an appeal from the trial court's dismissal for want of jurisdiction of this suit brought under Article 1269m, Vernon's Texas Civil Statutes, the Firemen's and Policemen's Civil Service Act.

The appellant, Mr. Daniel Pruitt, was passed over by the fire chief for a promotion to senior investigator in the Arson Division of the Houston Fire Department. He wrote a letter of appeal to the Firemen's and Policemen's Civil Service Commission, but it upheld the bypass without an open hearing and Pruitt appealed to the district court, alleging that the Commission violated his due process rights. Alternatively, he sought a writ of mandamus against the individual defendants on the ground that the action of the Civil Service Commission in upholding the bypass without affording him due process constituted an abuse of discretion. He also charged that under the Civil Rights Act, 42 U.S.C. § 1983, and under the Fourteenth Amendment of the U. S. Constitution the then members of the Civil Service Commission violated his rights in that they acted under color of state law in depriving him of due process.

The trial court, after a hearing on motions for summary judgment filed by the plaintiff and by the defendants, dismissed the cause of action for want of jurisdiction.

Pruitt took an examination administered by the Firemen's and Policemen's Civil Service Commission for the vacant position of senior investigator in the Houston Fire Department on November 21, 1974, and established a No. 3 ranking on the eligibility list. Two days later, when the Commission certified to the fire chief the three highest names on the eligibility list, Pruitt's name was first.

Paragraph E of Section 14, Article 1269m provides that when there is a vacancy to be filled the head of the department requesting a person to fill the vacancy "shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, *which reasons shall be valid and subject to review by the Commission* upon the application of such rejected person." (emphasis added)

On November 26, 1974, the fire chief bypassed Pruitt, giving these reasons:

"(1) Mr. Pruitt placed third on the list of eligibles on the Senior Arson Investigator's exam which was held November 21, 1974, has no experience in the field of fire investigation and other areas of law enforcement and does not meet the requirements of the Civil Service Commission in that he is not certified as a peace officer by the Texas Commission on Law Enforcement Officers' Standards and Education and he has not completed the Arson and Criminal Investigation School.

"(2) Mr. Pruitt lacks the experience in the field of supervision necessary for supervising people and decision making in this critical area of law enforcement that could result in serious liability against the individual investigator as well as the City of Houston.

"(3) The field of arson investigation, due to the fact that it is dealing with the lives of human beings in criminal matters, requires the highest degree of skill, initiative, sound judgment and knowledge of the law. Lack of experience in arson investigation and law enforcement in general and supervision in this field could

lead to charges being brought against innocent persons, or decisions being made because of the lack of experience that might endanger not only the lives of the people of Houston, but also of the investigator and supervisor as well.

"(4) There are twenty (20) investigators in the Arson Section over which the four Senior Investigators will have supervisory responsibility. These men have all qualified as peace officers and have been performing the respective duties necessary to the efficient investigation of fire origins. They have had to make arrests, take statements and otherwise carry out peace officer responsibilities. In my judgment, it would be inappropriate for me to allow a fireman who has never served in the Arson Division and who does not hold a peace officer's certification to ascend to a critical supervisory position having the responsibility of directing twenty men who would be more skilled and more qualified than their supervisor.

"(5) The 'Announcement of Examination' for the position of Senior Investigator specifically set out that: 'To qualify for promotion, one must be certified as a peace officer by the Texas Commission on Law Enforcement Officers' Standards and Education, have completed the Arson and Criminal Investigation School.'

"(6) Every other firefighter on the current eligibility list has both had experience in arson investigation and is a qualified, certified peace officer in the State of Texas. Specifically, I deem the next man on the eligibility list, Mr. Sterling Jones, more qualified to perform the duties of this particular position than the No. 3 man, Daniel Pruitt.

"(7) It is always with regret that I must bypass any firefighters; however, I deem my primary responsibility as Fire Chief, to be the efficient and proper operation of the department. To this end, I feel constrained to promote the most qualified men available.

"(8) This bypass of Fireman Pruitt is not intended to reflect poorly on his general performance in the Inspection Division,

but rather to merely state, in sum, that there is a firefighter on the current eligibility list who is more qualified than he is for this particular position."

Pruitt's attorney promptly filed an appeal to the Firemen's and Policemen's Civil Service Commission requesting a hearing before the Commission to enable it "to make a determination as to whether or not Chief Little's reasons for bypassing him for the position of Senior Investigator are valid." The minutes of the Commission's regular meeting on January 23, 1975, reflect:

"The Commission discussed the request for hearing on Mr. Daniel Pruitt's bypass for the position of Senior Arson Investigator in the Fire Department. It was the opinion of the Chairman that the Commission should not take action on this matter when the head of the department has set out good reasons for the bypass. On motion by Mr. Henry, seconded by Mr. Laufman, the Commission voted unanimously to deny the request for hearing."

We review the contents of some of the affidavits filed by Pruitt in the trial court in support of his motion for summary judgment. Before Pruitt began studying for the promotional examination, he had a friend ask the fire chief whether he would bypass Pruitt if he received a high ranking on the eligibility list because of the fact that he had not been certified as a peace officer and would not have completed Arson and Criminal Investigation School. Chief Little is alleged to have said he did not intend to bypass Pruitt for these reasons, and would give him time to qualify. It was fire department policy to provide such training to give such specialized training.

Pruitt's summary judgment affidavits also state that his attorney was told by the assistant director of the Commission that he would be advised when a hearing on Pruitt's matter would be scheduled. His attorney intended to subpoena witnesses, including the fire chief, to show 1) that the reasons he gave for bypassing Pruitt were not the real reasons why he did it; 2) that Pruitt was legally qualified and had the

experience to perform the job in question; 3) that the practice in the department was to first appoint a fireman from the list and then to train him in the specialized skills needed for the job; and 4) that Pruitt was better qualified than the man appointed in his place. Pruitt was not notified of the consideration of his bypass by the Commission until after it had occurred on January 23, 1975, so he had no opportunity to cross-examine the fire chief or to call other witnesses.

The appellees' position is that the Commission's minutes show that it considered matters dealing with 119 employees at the January 23 meeting, so it was impossible to give each one personal notice, and Pruitt should have made a better effort to learn when the meeting would be held.

Two of Pruitt's points of error may be considered together. They allege that the trial court erred

1) in dismissing for lack of jurisdiction his appeal from the order of the Civil Service Commission affirming the fire chief's bypass of him, since he made a showing that such action of the Commission took place without affording him notice or an opportunity to be heard, in violation of his due process rights under · the Fourteenth Amendment.

3) in failing to grant his motion for summary judgment since the undisputed facts concerning the procedure followed by the Civil Service Commission in affirming the fire chief's bypass establish that he was not afforded due process under the Fourteenth Amendment.

■ Section 18 of Article 1269m, the only statutory authority for judicial review of the Commission's decisions, provides for appeal to the district court from an order of suspension, dismissal, or demotion but not from the sustaining of a promotional bypass. *Cash v. City of Houston,* 426 S.W.2d 624 (Tex.Civ.App.1968, writ ref. n. r. e.). Since the Civil Service Act does not provide for an appeal from such an order of the Commission, the administrative action of the Commission is final and the courts have no jurisdiction to hear an appeal unless the administrative action complained of violates a constitutional provision. It is well settled in Texas that an inherent right of appeal from an administrative body created by an act silent on the question will be recognized only where the administrative action complained of violates a constitutional provision. *Firemen's and Policemen's Civil Service Commission v. Kennedy,* 514 S.W.2d 237 (Tex.1974); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951).

■ Pruitt contends that he was deprived of his constitutional rights by the procedures employed by the Civil Service Commission. He says the threshold question in assessing this position is whether he has "a sufficient protectible interest in his statutory entitlement to promotion to invoke the protections of the due process clause of the Fourteenth Amendment, which applies to any significant taking of property."

In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) a former police officer contended that his right to due process was violated when he was discharged from his job without a pretermination hearing to determine the sufficiency of the cause for his discharge. The U. S. Supreme Court stated:

"A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."

In *Amarillo v. Hancock,* supra, a captain in the city fire department was ordered demoted by the Civil Service Commission under procedures set forth in Article 1269m. In *Firemen's and Policemen's Civil Service Commission v. Kennedy,* 514 S.W.2d 237, at 239, the Texas Supreme Court reviewed its decision in *Hancock,* saying it had reasoned that since there was at that time no statutory right to judicial review of a demotion, and since Hancock did not have a vested property right in the position of captain, the Court had concluded that an inherent right to judicial review was not required by due process, the only constitutional princi-

ple that might have been violated in that case.

Mr. Pruitt had no vested property right in the position he seeks and no statutory right to judicial review, so due process does not give him an inherent right to judicial review. We overrule his first and third points of error.

The appellant's fifth point is that the trial court erred in dismissing for want of jurisdiction his 42 U.S.C. § 1983 cause of action against the individual members of the Civil Service Commission who, while acting under color of state law, deprived him of due process rights under the Fourteenth Amendment.

That statute provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

This point is overruled. We have already held that the trial court had no jurisdiction over Pruitt's appeal from the Commissioners' decision and that the due process principle did not give him an inherent right to judicial review, so the trial court did not err in dismissing this part of his suit.

Pruitt's second and fourth points of error are that the trial court erred in

2) dismissing his appeal for want of jurisdiction where the procedures followed by the Civil Service Commission in affirming the fire chief's bypass violated the procedural protections afforded appellant under Section 16a and/or 17 of Article 1269m V.T.C.S.

4) in failing to grant plaintiff's motion for summary judgment since the undisputed facts concerning the procedure followed by the Civil Service Commission in affirming the fire chief's bypass established that he was not afforded the statutory protections provided him by Section 16a and/or 17 of Article 1269m, V.T.C.S. Those sections provide:

*Purpose of law; hearings*

"Sec. 16a. It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants. The members of the Civil Service Boards are hereby directed to administer the civil service law in accordance with this purpose; and when sitting as a board of appeals for a suspended or aggrieved employee, they are to conduct such hearing fairly and impartially under the provisions of this law, and are to render a fair and just decision, considering only the evidence presented before them in such hearing.

*Procedure before commission*

"Sec. 17. In order for a Fireman or Policeman to appeal to the Commission, it shall only be necessary for him to file within ten (10) days with the Commission a statement denying the truth of the charge as made, or a statement taking exception to the legal sufficiency of such charges and asking for a hearing by the Commission. In all hearings, of every kind and character, the employee shall have the right to be represented by counsel, the witnesses may be placed under the rule. All such hearings shall be public. The Commission shall have the authority to issue subpoenas for the attendance of witnesses."

The appellant says a fireman who appeals his promotional bypass is an aggrieved employee and that the Civil Service Commission, when reviewing the validity of the reasons justifying the fire chief's bypass, is sitting as a board of appeals, so he is entitled to a hearing as stated in Section 16a. He also contends that he had a right to a hearing because of Section 17. We overrule points of error two and four for the same reason we overruled points one, three, and five.

Pruitt's sixth point of error is that the court erred in holding that it had no jurisdiction over his application for writ of mandamus to correct the individual defendants' abuse of discretion in failing to accord him due process and statutorily mandated procedures in affirming the fire chief's bypass of him. Pruitt's petition asked the court to issue a writ of mandamus against the individual defendants compelling them to appoint him to the position of senior investigator because the decision of the fire chief in bypassing him and the Civil Service Commission's decision in upholding the bypass constituted an abuse of discretion.

"The purpose of the writ of mandamus is to enforce performance of a duty clearly defined by law. One of its great objects is to prevent a failure of justice where there is no established specified remedy. In general, it is a remedy whereby a person or officer is required to do something that he wrongfully declines to do. But in exceptional cases it may be given a restraining effect, or one in reversal or amendment of a previous act." 37 Tex. Jur.2d 588, Mandamus § 3.

The appellant argues that the individual members of the Commission are subject to a writ of mandamus because they abused their discretion 1) in failing to give him "notice of the hearing conducted by it on his appeal of the fire chief's bypass and to extend him an opportunity to be heard," and 2) in failing to afford him a hearing "in conformity with the procedural protections mandated under § 16a and § 17 of Article 1269m."

■ The general rule is that mandamus will not issue to compel the performance of an act which involves an exercise of discretion or judgment, but this rule is not without limitation, and the writ may issue to correct a clear abuse of discretion. This is especially so where there is no adequate remedy at law. *Dykes v. City of Houston*, 406 S.W.2d 176 (Tex.1966); *Cash v. City of Houston*, supra.

The parties disagree as to whether the provision in paragraph E of Section 14, Article 1269m, that the Department head's

reasons for the rejection of a higher name on an eligibility list "shall be valid and subject to review by the Commission" requires the Commission to have a hearing as provided in Section 17 of the Act. An affidavit of the chairman of the Commission states that the Commission reviewed the reasons stated by the fire chief in his bypass letter and found them to be valid. Further, that it also considered Pruitt's request for a hearing on his bypass but concluded that since the fire chief's bypass letter "involved no matters of contested fact and the chief's subjective evaluations were within his discretionary prerogative, no potential benefit resulting from the hearing could be envisioned and the request was denied."

We sustain the appellant's sixth point. However, we do not agree with the allegation in his petition that the Commission's failure to accord him a review of the fire chief's bypass decision makes the bypass invalid, or, in the alternative, taints the Commission's decision so as to prevent the application of the substantial evidence rule or substantially reduces the weight to be given to such decision. The appellant also alleged that the failure to appoint him was arbitrary, capricious, illegal, and an abuse of discretion.

■ There is a settled presumption in favor of the questioned order and the burden is on the appealing party to show that it is not supported by substantial evidence. This is a question of law. *Cash v. City of Houston*, supra, and the authorities there cited.

We affirm the trial court's order in all respects except the dismissal of the mandamus count. We reverse and remand that aspect of the case for a determination of whether the administrative decision under review is reasonably supported by substantial evidence.

On Motions for Rehearing

We overrule the appellant's motion for rehearing.

■ The appellees seek clarification of the basis for our sustaining the appellant's

sixth point of error. We hold that the trial court had jurisdiction to determine whether the Civil Service Commission failed to comply with the provision in Section 14, paragraph E of Article 1269m that the fire chief's reasons for not appointing Mr. Pruitt "shall be valid and subject to review by the Commission upon the application of such rejected person." We cannot say as a matter of law that the review made by the Commission, as described in its chairman's affidavit noticed above, was sufficient to comply with the statutory provision quoted in the preceding sentence.

We grant the appellees' motion for rehearing. We again affirm the trial court's order in all respects except its dismissal of the mandamus count. Under the undisputed facts presented to the trial court, we now remand this cause to the trial court for entry of a mandamus order directing the Commission to give notice to Mr. Pruitt and to afford him an opportunity to participate in the Commission's review of the validity of the fire chief's reasons for not appointing him.

Judgment rendered and original opinion filed December 23, 1976.

Appellees' motion for rehearing granted; former judgment vacated, set aside and annulled.

Judgment rendered and opinion on rehearing filed February 17, 1977.