**D. C. MUSICK, Chief of the Abilene Fire Department, Appellant,**

v.

**George BLACK, Appellee.**

No. 5151.

Court of Civil Appeals of Texas, Eastland.

May 25, 1978.

Rehearing Denied June 22, 1978.

Harvey Cargill, Jr., City Atty. (Deke Austin, Asst. City Atty. and Gary Hacker, Asst. Dist. Attys., Abilene, for appellant.

Glenn E. Heatherly and Jane V. Elmore, Rhodes, Doscher, Chalk & Heatherly, Abilene, for appellee.

McCLOUD, Chief Justice.

At issue is whether the trial court had jurisdiction to entertain a suit for mandamus filed by a fireman seeking reinstatement after having been removed from his position of firefighter by the fire chief, who apparently determined that the fireman was unable to continue his duties.

George Black filed a petition for mandamus urging that D. C. Musick, Chief of the Abilene Fire Department, be ordered to reinstate Black as a senior firefighter with the Abilene Fire Department. The Fire Chief answered that the City of Abilene had adopted the provisions of Tex.Rev.Civ. Stat. Art. 1269m, the Firemen's and Policemen's Civil Service Act, and that Section 9 of the Act gave the Fire Chief the adminis-

trative discretion to determine whether or not a fireman was physically able to continue his duties, and the Act expressly provided that the Fire Chief shall be the sole judge of the matter and the Act did not provide any appeal to either the Civil Service Commission or the district court. The Fire Chief further alleged that Black's suit should be dismissed because it was an attempt to appeal the decision of the Fire Chief by judicial review when no judicial review is provided for, and the trial court had no jurisdiction to review the Fire Chief's decision.

The following summary of events is reflected in the pleadings of the parties. There was no trial. There is no statement of facts. On August 6, 1975, the Fire Chief wrote Black and informed him that after reviewing a physician's medical report regarding Black's physical condition, he had no choice, in accordance with Section 9 of Article 1269m, but to remove him from his duties as a firefighter. Black filed the instant mandamus suit against the Fire Chief on June 8, 1976, alleging that the fire Chief abused his discretion in removing Black as a firefighter. On July 8, 1977, at the Fire Chief's request and pursuant to an order of the trial court, Black was examined by a different physician who found that Black was "fully fit and capable of functioning in the role of firefighter". The Fire Chief wrote Black on July 18, 1977, and informed him that in view of the favorable physical examination report, he was willing to reinstate Black as a senior firefighter with the Abilene Fire Department. On that same date, the Fire Chief filed a motion to dismiss Black's petition for mandamus asserting that the matter was moot since Black sought only reinstatement and the Chief now agreed that reinstatement was proper and had ordered Black to return to work on July 26, 1977. Black opposed the Chief's motion to dismiss and contended the matter was not moot because he was illegally removed from his duties and he sought reinstatement as of August 6, 1975, with the compensatory and other benefits that would accrue to him resulting from reinstatement as of August 6, 1975. The court's judgment

recites that at "pre-trial", it appearing to the court, after considering the pleadings and other documents on file and hearing from the parties through their attorneys, "that all of the matters in controversy have been resolved" and Black is entitled to be reinstated as a senior firefighter as prayed for in his petition. The court ordered and decreed that Black be reinstated as a senior firefighter with the Abilene Fire Department as of August 6, 1975. The Fire Chief appeals. We affirm.

In a single narrow point of error, the Fire Chief contends the trial court erred in that it did not have jurisdiction to entertain the mandamus suit seeking reinstatement of Black. We disagree.

The Fire Chief argues that on August 6, 1975, when Black was removed, Tex.Rev. Civ.Stat. Art. 1269m did not provide for judicial review of a fire chief's decision that a fireman was unable to continue his duties. Section 9 of Article 1269m provided at that time:

"When a Fireman or Policeman is given a physical examination to determine if he is physically able to continue his duties, the physician appointed by the Commission to make such examination shall submit a complete physical report to the Chief of the Fire Department if the person so examined is a Fireman, and to the Chief of the Police Department if the person so examined is a Policeman. The Chief of each respective Department shall be the sole judge as to whether or not such Fireman or Policeman is able to continue his duties."

The Fire Chief relies upon *Fireman's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy*, 514 S.W.2d 237 (Tex.1974) and *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951) to support his contention that the trial court had no jurisdiction. The cases are distinguishable. In both *Kennedy* and *Hancock*, the court was concerned with an attempted appeal of the decision of an administrative agency when the statute creating the administrative agency failed to provide for an

appeal of the particular action by the agency and the administrative action did not violate a constitutional provision. In each case, the court held that the action of the administrative body was not subject to judicial review by appeal and the court had no jurisdiction of the appeal. *Hancock* involved a demotion and *Kennedy* discussed regrading of an examination. Neither case involved removal or dismissal of an employee. Neither *Hancock* nor *Kennedy* discussed mandamus.

Black relies upon *Pruitt v. City of Houston,* 548 S.W.2d 90 (Tex.Civ.App.—Houston (1st Dist.) 1977, no writ) and *Cash v. City of Houston,* 426 S.W.2d 624 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref. n.r.e.), each of which recognized the distinction between mandamus and appeal. In each case, the court recognized that the remedy of mandamus was available under certain circumstances even though there was no right to appeal the decision of the Civil Service Commission to the district court.

The Fire Chief urges that under Section 9 of Article 1269m, as then enacted, his dismissal of Black based upon his decision that Black was not able to continue his duties was not subject to judicial review by either appeal or mandamus. We disagree.

■ · The statute expressly provided that the Fire Chief would be the sole judge, and thus have the discretion, to determine whether Black was able to continue his duties. The rule is well established, however, that mandamus may issue in a proper case to correct a clear abuse of discretion by a public officer. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956); *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959); *Dykes v. City of Houston,* 406 S.W.2d 176 (Tex.1966); *State v. Sewell,* 487 S.W.2d 716 (Tex.1972). We are not concerned in the instant case with whether Black showed by proper evidence that he was entitled to a writ of mandamus. There was no trial of the issue of clear abuse of discretion. The trial court, after finding the matter in controversy had been resolved, entered its judgment reinstating Black as of April 6, 1975. We must decide only if the trial

court had jurisdiction to entertain Black's suit for mandamus. We hold the court did have such jurisdiction. Tex.Rev.Civ.Stat. Art. 1914 provides:

"Judges of the district courts may either in term time or in vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of the court. Acts 1846, p. 200; P.D. 1407; G.L. vol. 2, p. 1507."

This court in *City of Garland v. Dittrich,* 517 S.W.2d 839 (Tex.Civ.App.—Eastland 1974, no writ) held that mandamus was not available to "review the decision" of a Firemen's and Policemen's Civil Service Commission regarding promotion. The case should not be construed to hold that a district court would have no jurisdiction to issue a writ of mandamus, where there is no adequate remedy at law, to correct a clear abuse of discretion by a public official.

Judgment of the trial court is affirmed.