

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-433-CV**

MAGDALENA S. MARTINEZ, AS TRUSTEE
OF THE CHARLIE S. MARTINEZ, JR., TRUST          APPELLANT

V.

CITY OF FORT WORTH HISTORIC AND
CULTURAL LANDMARKS COMMISSION          APPELLEE

------------

## FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Magdalena S. Martinez, as trustee of the Charlie S. Martinez,

Jr., Trust, appeals a trial court order granting a plea to the jurisdiction filed by

---

[1] *See* Tex. R. App. P. 47.4.

appellee City of Fort Worth Historic and Cultural Landmarks Commission (Historic Commission). We affirm.

Appellant owns property located at 1900 5th Avenue in Fort Worth, Texas (the Property). For over two decades, the Property has been in violation of various provisions of the Fort Worth City Code. Chapter 54 of the Texas Local Government Code authorizes municipalities to enforce city codes through civil actions.[2] In 2006, the City of Fort Worth (City) sued appellant under chapter 54 and obtained a judgment for civil penalties and injunctive relief, including an order allowing the City to demolish the Property. Appellant did not appeal this order.

Because the Property is located within a historic zoning overlay that prevents demolition unless the Historic Commission issues a certificate of appropriateness (COA), the City had to apply to the Historic Commission for a COA.[3] After a public hearing during which the Historic Commission heard from appellant, city staff, and neighbors, the Historic Commission determined that

---

[2] *See* Tex. Loc. Gov't Code Ann. §§ 54.012–.019 (Vernon 2008); *Jamestown Partners, L.P. v. City of Fort Worth*, 83 S.W.3d 376, 380 (Tex. App.—Fort Worth 2002, pet. denied).

[3] Fort Worth, Tex., Rev. Ordinances app. A, ch. 4, art. V, § 4.504 (2007).

demolition was appropriate and granted a COA allowing the City to proceed with the demolition pursuant to the judgment in the prior civil action.

By City ordinance, Historic Commission decisions may be appealed to the City's Appeals Board, which appellant did.[4]  The Appeals Board upheld the Historic Commission's decision.  Appellant then filed a lawsuit seeking judicial review of the Historic Commission decision.  The City filed a plea to the jurisdiction asserting that there is no right of judicial review of the Historic Commission decision.  The trial court granted the plea, and this appeal followed.

We review de novo a trial court's ruling on a plea to the jurisdiction.[5] Whether the trial court has subject matter jurisdiction is a question of law.[6]

In a single issue, appellant asserts that the COA allowing the City to proceed with demolition of the Property is an order subject to judicial review

---

[4] *Id.* § 4.512.

[5] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Carrollton v. Singer*, 232 S.W.3d 790, 794 (Tex. App.—Fort Worth 2007, pet. denied).

[6] *See Miranda*, 133 S.W.3d at 226; *Singer*, 232 S.W.3d at 794.

under section 214.0012 of the Texas Local Government Code (Local Government Code or Code).[7]  We disagree.

The Local Government Code provides two distinct procedural avenues by which a municipality may secure the demolition of substandard property:  (1) the municipality may bring a civil action to compel demolition under chapter 54 of the Local Government Code; or (2) it may seek a demolition order through administrative proceedings under chapter 214 of the Code.[8]  The City proceeded under chapter 54, not chapter 214.  Appellate review is available for a chapter 54 judgment just as it is for any civil judgment.[9]  Appellant could have appealed the district court judgment authorizing demolition of the Property but chose not to.  Instead, appellant sought judicial review of the COA issued

---

[7] *See* Tex. Loc. Gov't Code Ann. § 214.0012(a) (Vernon 2008).  Under Texas law, there is no right to judicial review of an administrative order unless a statute or ordinance creates such a right, or the order violates a constitutional right or adversely affects a vested property right. *Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy*, 514 S.W.2d 237, 239–40 (Tex. 1974); *Stone v. Tex. Liquor Control Bd.*, 417 S.W.2d 385, 385–86 (Tex. 1967); *City of Amarillo v. Hancock*, 239 S.W.2d 788, 790–91 (Tex. 1951).

[8] *See* Tex. Loc. Gov't Code Ann. §§ 54.017–.019 (Vernon 2008); Tex. Loc. Gov't Code Ann. § 214.001 (Vernon 2008); *see also Jamestown Partners*, 83 S.W.3d at 380-381.  The City code authorizes the City Building Standards Commission to enforce City code provisions regarding minimum building standards, including authority to order demolition.  Fort Worth, Tex., Rev. Ordinances ch. 7, art. IV, §§ 7-102, 7-112 (1999).

[9] *See Jamestown Partners*, 83 S.W.3d at 380–81.

4

by the Historic Commission.  The issue, then, is whether the COA is a type of order for which chapter 214 provides the right of judicial review.

The Historic Commission is a creature of chapter 211 of the Local Government Code, which authorizes municipalities to take appropriate actions to protect and preserve historical properties.[10]  A COA reflects the Historic Commission's approval of proposed modifications to local landmarks or properties in historic districts based on consistency with applicable design guidelines and standards.[11] Unlike the City Building Standards Commission, the Historic Commission is not provided with authority under section 214.001 to promote general health and safety by enforcing the City's minimum building standards code.  While a COA is required for demolition of a historic property, the Historic Commission has no authority to *order* demolition.[12]  Accordingly,

---

[10] *See* Tex. Loc. Gov't Code Ann. §§ 211.001 (Vernon 2008) (allowing local governments to protect and preserve places and areas of historical, cultural, and architectural importance and significance), 211.003(b) ("In the case of designated places and areas of historical, cultural, or architectural importance and significance, the governing body of a municipality may regulate the construction, reconstruction, alteration, or razing of buildings and other structures."); *see also* Fort Worth, Tex., Rev. Ordinances app. A, ch. 2, § 2.103 (2007).

[11] *See* Fort Worth, Tex., Rev. Ordinances app. A, ch. 4, art. V, § 4.504 (2007).

[12] *See* Fort Worth, Tex., Rev. Ordinances app. A, ch. 2, § 2.103, ch. 4, art. V, § 4.504(H).

a COA from the Historic Commission allowing the City to proceed with demolition is not an order issued under section 214.001 subject to judicial review.

Because appellant had no right under section 214.0012 to judicial review of the COA, we affirm the trial court's order granting the City's plea to the jurisdiction.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DELIVERED: May 14, 2009