COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-433-CV

 

                                                    

MAGDALENA
S. MARTINEZ, AS TRUSTEE

OF THE CHARLIE S. MARTINEZ, JR., TRUST                            APPELLANT



 

                                                   V.

 

CITY OF
FORT WORTH HISTORIC AND 

CULTURAL LANDMARKS COMMISSION                                     APPELLEE

 

                                              ------------

 

            FROM THE
17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Magdalena S. Martinez, as trustee of
the Charlie S. Martinez, Jr., Trust, appeals a trial court order granting a
plea to the jurisdiction filed by appellee City of Fort Worth Historic and
Cultural Landmarks Commission (Historic Commission).  We affirm.

Appellant owns property located at 1900 5th
Avenue in Fort Worth, Texas (the Property). 
For over two decades, the Property has been in violation of various
provisions of the Fort Worth City Code. 
Chapter 54 of the Texas Local Government Code authorizes municipalities
to enforce city codes through civil actions.[2]  In 2006, the City of Fort Worth (City) sued
appellant under chapter 54 and obtained a judgment for civil penalties and
injunctive relief, including an order allowing the City to demolish the
Property.  Appellant did not appeal this
order.

Because the Property is located within a historic
zoning overlay that prevents demolition unless the Historic Commission issues a
certificate of appropriateness (COA), the City had to apply to the Historic
Commission for a COA.[3]  After a public hearing during which the
Historic Commission heard from appellant, city staff, and neighbors, the
Historic Commission determined that demolition was appropriate and granted a
COA allowing the City to proceed with the demolition pursuant to the judgment in
the prior civil action.








By City ordinance, Historic Commission decisions
may be appealed to the City=s
Appeals Board, which appellant did.[4]  The Appeals Board upheld the Historic
Commission=s decision.  Appellant then filed a lawsuit seeking
judicial review of the Historic Commission decision.  The City filed a plea to the jurisdiction
asserting that there is no right of judicial review of the Historic Commission
decision.  The trial court granted the
plea, and this appeal followed.

We review de novo a trial court=s ruling
on a plea to the jurisdiction.[5]  Whether the trial court has subject matter
jurisdiction is a question of law.[6]

In a single issue, appellant asserts that the COA
allowing the City to proceed with demolition of the Property is an order
subject to judicial review under section 214.0012 of the Texas Local Government
Code (Local Government Code or Code).[7]  We disagree.








The Local Government Code provides two distinct
procedural avenues by which a municipality may secure the demolition of
substandard property:  (1) the
municipality may bring a civil action to compel demolition under chapter 54 of
the Local Government Code; or (2) it may seek a demolition order through
administrative proceedings under chapter 214 of the Code.[8]  The City proceeded under chapter 54, not
chapter 214.  Appellate review is
available for a chapter 54 judgment just as it is for any civil judgment.[9]  Appellant could have appealed the district
court judgment authorizing demolition of the Property but chose not to.  Instead, appellant sought judicial review of
the COA issued by the Historic Commission. 
The issue, then, is whether the COA is a type of order for which chapter
214 provides the right of judicial review.








The Historic Commission is a creature of chapter
211 of the Local Government Code, which authorizes municipalities to take
appropriate actions to protect and preserve historical properties.[10]  A COA reflects the Historic Commission=s
approval of proposed modifications to local landmarks or properties in historic
districts based on consistency with applicable design guidelines and standards.[11]  Unlike the City Building Standards
Commission, the Historic Commission is not provided with authority under
section 214.001 to promote general health and safety by enforcing the City=s
minimum building standards code.  While a
COA is required for demolition of a historic property, the Historic Commission
has no authority to order demolition.[12]  Accordingly, a COA from the Historic
Commission allowing the City to proceed with demolition is not an order issued
under section 214.001 subject to judicial review.








Because appellant had no right under section
214.0012 to judicial review of the COA, we affirm the trial court=s order
granting the City=s plea to the jurisdiction.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

 

DELIVERED: May 14, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Loc. Gov=t Code Ann. '' 54.012B.019 (Vernon 2008); Jamestown
Partners, L.P. v. City of Fort Worth, 83 S.W.3d 376, 380 (Tex. App.CFort Worth 2002, pet.
denied).





[3]Fort Worth, Tex., Rev.
Ordinances app. A, ch. 4, art. V, ' 4.504 (2007).





[4]Id. ' 4.512.





[5]See Tex. Dep=t of Parks & Wildlife
v. Miranda,
133 S.W.3d 217, 225B26 (Tex. 2004); City
of Carrollton v. Singer, 232 S.W.3d 790, 794 (Tex. App.CFort Worth 2007, pet.
denied).





[6]See Miranda, 133 S.W.3d at 226;
Singer, 232 S.W.3d at 794.





[7]See Tex. Loc. Gov=t Code Ann. ' 214.0012(a) (Vernon
2008).  Under Texas law, there is no
right to judicial review of an administrative order unless a statute or
ordinance creates such a right, or the order violates a constitutional right or
adversely affects a vested property right. 
Firemen=s & Policemen=s Civil Serv. Comm=n v. Kennedy, 514 S.W.2d 237, 239B40 (Tex. 1974); Stone v.
Tex. Liquor Control Bd., 417 S.W.2d 385, 385B86 (Tex. 1967); City
of Amarillo v. Hancock, 239 S.W.2d 788, 790B91 (Tex. 1951).





[8]See Tex. Loc. Gov=t Code Ann. __ 54.017_.019 (Vernon 2008); Tex. Loc. Gov=t Code Ann. _ 214.001 (Vernon 2008); see also
Jamestown Partners, 83 S.W.3d at 380-381. 
The City code authorizes the City Building Standards Commission to
enforce City code provisions regarding minimum building standards, including
authority to order demolition.  Fort
Worth, Tex., Rev. Ordinances ch. 7, art. IV, '' 7-102, 7-112
(1999).





[9]See Jamestown Partners, 83
S.W.3d at 380B81.





[10]See Tex. Loc. Gov=t Code Ann. '' 211.001 (Vernon
2008) (allowing local governments to protect and preserve places and areas of
historical, cultural, and architectural importance and significance),
211.003(b) (AIn the case of designated
places and areas of historical, cultural, or architectural importance and
significance, the governing body of a municipality may regulate the
construction, reconstruction, alteration, or razing of buildings and other
structures.@); see also Fort
Worth, Tex., Rev. Ordinances app. A, ch. 2, ' 2.103 (2007).





[11]See Fort Worth, Tex., Rev.
Ordinances app. A, ch. 4, art. V, ' 4.504 (2007).





[12]See Fort Worth, Tex., Rev.
Ordinances app. A, ch. 2, ' 2.103, ch. 4, art. V, _ 4.504(H).