177 S.W.3d 502 (2005)
HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, Appellant,
v.
Craig E. FERRELL Jr., Al Pena, B.L. Chebret, Brad Piel, Bubba Caldwell, C. Newman, Cole Lester, G.L. Blankenship, Gary Gryder, George Shaw, Harold Barthe, J.J. Berry, J.M. Demartin, Jeff Larson, Joe Pyland, John *503 Miller, John Walsh, John Yencha, M. Donato, M.R. Clark, Matt Calley, Patricia Murray, R.D. Mosley, R.L. Martin, Robert Sondoval, Rodney Johnson, Shawn Palin, T.J. Carr, Tom Hayes, and Warren Givens, Appellees.
No. 01-03-00925-CV.
Court of Appeals of Texas, First District, Houston.
May 20, 2005.
*506 Kathryn S. Vaughn, Stephen G. Tipps, Baker & Botts, L.L.P., Houston, TX, for Appellant.
Lloyd E. Kelley, Lloyd Kelly & Associates, Houston, TX, for Appellee.
Panel consists of Justices TAFT, JENNINGS, and HANKS.

OPINION
TERRY JENNINGS, Justice.
In this interlocutory appeal,[1] appellant, Houston Municipal Employees Pension System ("HMEPS"), challenges the trial court's denial of its motion to dismiss, for want of jurisdiction, the action for declaratory judgment[2] and injunctive relief asserted against it by appellees, Craig E. Ferrell Jr., Al Pena, B.L. Chebret, Brad Piel, Bubba Caldwell, C. Newman, Cole Lester, G.L. Blankenship, Gary Gryder, George Shaw, Harold Barthe, J.J. Berry, J.M. Demartin, Jeff Larson, Joe Pyland, John Miller, John Walsh, John Yencha, M. Donato, M.R. Clark, Matt Calley, Patricia *507 Murray, R.D. Mosley, R.L. Martin, Robert Sondoval, Rodney Johnson, Shawn Palin, T.J. Carr, Tom Hayes, and Warren Givens (collectively, "the plaintiffs").
In four issues, HMEPS argues that the trial court erred in denying its motion because: (1) HMEPS is a governmental unit and is entitled to immunity from suit, (2) HMEPS has exclusive jurisdiction over pension benefit eligibility determinations and there is no statutory right to judicial review of such decisions, (3) any claims asserted by the plaintiffs regarding HMEPS's denial of pension service credits are not ripe, and (4) the plaintiffs failed to plead an amount in controversy within the trial court's jurisdictional limits.
We affirm.

Factual and Procedural Background
Craig Ferrell Jr. was a Houston Police Officer from 1977 until 1990 and during that time participated in the Houston Police Officers Pension System.[3] In 1990, after obtaining his law degree, Ferrell was hired by the Houston Police Department's Legal Services Division and began accruing credit in "Group B" of HMEPS, which is a separate pension system covering the municipal employees of the City of Houston.[4]
In 1998, HMEPS's Board of Trustees issued a written "Acknowledgment of Statutory Application" that, in pertinent part, reads as follows:
A person is not eligible for HMEPS membership for the time period during which the person was in a position covered by another pension system to which the City of Houston contributes ("City pension system").
....
A person cannot receive any credited service in HMEPS for the time during which the person was not a member of HMEPS.
Later that same year, Ferrell requested that HMEPS give him service credit for his 13 years of employment as a police officer. In January 1999, David Long, HMEPS's Executive Director, sent a letter to Ferrell denying his request for additional credit and informing him that "a person may receive credited service in HMEPS only for time during which the person is a member of HMEPS."
In March 2003, Ferrell filed an original petition against HMEPS, asserting claims for breach of fiduciary duty, unilateral mistake, estoppel, fraud, breach of contract, negligent misrepresentation, "detrimental reliance," "unconstitutional impairment of contract," "interference with attainment of benefits," and "unconscionability." Ferrell also sought a declaratory judgment to establish "his entitlement to Pension Benefits in the HMEPS retirement system for all of his years of service while working for the City of Houston ... starting 5/23/1977 until the present" in "HMEPS retirement PLAN A." HMEPS moved to dismiss Ferrell's suit for lack of subject matter jurisdiction on the basis of governmental immunity. Ferrell then filed a first amended petition, maintaining his action for declaratory judgment and injunctive relief, but dropping all of the other claims. In his second amended petition, Ferrell expressly eliminated his request for money damages, but sought an additional declaration that he was entitled to service credit in *508 HMEPS for the time that he had been enrolled as a cadet in the Houston Police Academy.
Subsequently, in a first supplemental petition, 29 additional plaintiffs joined the action for declaratory judgment and injunctive relief, also seeking a declaration that they were entitled to service credit in HMEPS for the time period from May to September 1977, during which they had been enrolled as cadets at the Houston Police Academy. The plaintiffs asserted that, during this four-month period, they had been employed as municipal employees of the City of Houston and were entitled to corresponding service credit in HMEPS.
In a supplemental motion to dismiss, HMEPS, again asserting that it was immune from suit, also asserted that the plaintiffs' action regarding service credit for their time enrolled in the Houston Police Academy was not ripe because HMEPS had not made any determination as to whether the plaintiffs were entitled to such credit. HMEPS also argued that the trial court lacked jurisdiction over Ferrell's claims for service credit for the years of his employment as a police officer because a declaratory judgment in Ferrell's favor would entitle him to additional pension benefits that would exceed the maximum jurisdictional limits of the trial court.
The trial court denied HMEPS's motion to dismiss, but, in its order, noted that it had done so solely on the basis of HMEPS's argument that it was entitled to immunity from suit. The trial court's order expressly recites that, "[a]ll other issues raised by [HMEPS] are reserved for further consideration and are expressly not ruled upon at this time." HMEPS objected to the trial court's refusal to rule on all of the grounds presented in its motion and supplemental motion to dismiss, and HMEPS has included this refusal in its notice of appeal.[5]

Standard of Review
An appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction filed by "a governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004-2005); TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(D) (Vernon Supp.2004-2005). We review a trial court's disposition of a plea to the jurisdiction under a de novo standard of review. Hoff. v. Nueces County, 153 S.W.3d 45, 48 (Tex.2004); Reese v. City of Hunter's Creek Village, 95 S.W.3d 389, 391 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). When reviewing a trial court's ruling on a plea to the jurisdiction, we consider the facts alleged by the plaintiffs and, to the extent relevant to the jurisdictional issues, any evidence submitted by the parties. Texas Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex.2001).

Governmental Immunity
In its first issue, HMEPS argues that the trial court erred in denying its motion to dismiss, for lack of jurisdiction, the plaintiffs' action for declaratory judgment because HMEPS is a governmental unit entitled to immunity from suit. HMEPS asserts that the plaintiffs' action is really a claim for money damages and that the plaintiffs seek to control HMEPS's lawful actions. HMEPS also generally contends that the plaintiffs have not properly asserted an injunction action and that it is improper to seek an injunction against a governmental entity rather than some individual in authority at the entity.
*509 In support of its argument that the plaintiffs' action is barred by governmental immunity, HMEPS relies on this Court's previous holding that HMEPS, as a state-created governmental unit, is "generally entitled to governmental immunity." Thayer v. Houston Mun. Employees Pension Sys., 95 S.W.3d 573, 577 (Tex.App.Houston [1st Dist.] 2002, no pet.). HMEPS notes that we also held that the trial court did not err in dismissing Thayer's tort claims because there is no waiver of immunity in the legislation creating HMEPS. Id. It asserts that the plaintiffs are making an "effort to escape" immunity through an action for declaratory judgment and injunctive relief and that they "have no rights to declare."
Under the doctrine of governmental immunity, a unit of government may not be sued without the express consent of the Legislature. Thayer, 95 S.W.3d at 576; Scott v. Prairie View A & M Univ., 7 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). We defer to the Legislature to waive immunity from suit because the Legislature is better suited than the courts "to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear." Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 854 (Tex.2002). Such immunity generally serves to protect the State and governmental units from lawsuits for money damages. General Servs. Comm'n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 594 (Tex.2001). It also protects the State and governmental units from lawsuits that seek to control their lawful actions by a final judgment made by a court of law. Texas Mun. Power Agency v. Pub. Util. Comm'n, 100 S.W.3d 510, 515 (Tex.App.-Austin 2003, pet. denied).
In the absence of a waiver of governmental immunity, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. Freedman v. Univ. of Houston, 110 S.W.3d 504, 507 (Tex.App.-Houston [1st Dist.] 2003, no pet.).
Here, the plaintiffs seek declaratory relief under the Uniform Declaratory Judgments Act ("DJA"), which is a "remedial" statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and "it is to be liberally construed and administered." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). It allows courts to declare relief whether or not further relief is or could be claimed. Id. at § 37.003(a). Such a declaration may be either affirmative or negative in form and effect and has the "force and effect of a final judgment or decree." Id. at § 37.003(b). The DJA provides:

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Id. at § 37.004(a) (emphasis added).
The Texas Supreme Court has noted that certain declaratory judgment actions do not implicate the doctrine of governmental immunity. See, e.g., Texas Educ. Agency v. Leeper, 893 S.W.2d 432, *510 446 (Tex.1994) (declaratory judgment action to determine proper construction of compulsory school-attendance law); Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., 372 S.W.2d 525, 530 (Tex.1963) (declaratory judgment suit against Highway Commission to determine parties' rights); Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945) (declaratory judgment suit against State Comptroller to determine parties' rights under tax statute). The governmental immunity doctrine is not implicated in such actions because they do not attempt to subject the State to liability. IT-Davy, 74 S.W.3d at 855. Accordingly, Texas courts "distinguish suits to determine a party's rights against the State from suits seeking damages," and "[a] party can maintain a suit to determine its rights without legislative permission." Fed. Sign v. Texas S. Univ., 951 S.W.2d 401, 404 (Tex.1997).
Moreover, the DJA expressly provides that persons may challenge statutes and that "governmental entities must be joined or notified" in such circumstances. Leeper, 893 S.W.2d at 446. All persons who have or claim any interest that would be affected by a declaration must be made parties; those not made a party are not prejudiced by any declaration. TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). Thus, a governmental entity joined as party may be bound by a court's declaration on its statutes. Leeper, 893 S.W.2d at 446. By authorizing declaratory judgment actions "to construe the legislative enactments of governmental entities and authorizing awards of attorneys fees, the DJA necessarily waives governmental immunity for such awards." Leeper, 893 S.W.2d at 446.
A review of the live pleadings in the instant case reveals that the plaintiffs, contrary to HMEPS's contention, do have rights to declare and have properly asserted their declaratory judgment action. Ferrell, in his second amended petition, seeks declaratory relief to establish "his entitlement to Pension Benefits in the HMEPS retirement system for all of his years of service while working for the City of Houston... starting 5/23/1977 until the present" in "HMEPS retirement PLAN A." He expressly asserts that this is "not a suit for money damages." Ferrell contends that he is "entitled to all benefits described in Article 6243h of the Texas Revised Civil Statutes Annotated" and that he is "seeking to force government officials to follow the law or quit acting outside the scope of their authority." See TEX.REV.CIV. STATS. ANN. art. 6243h, §§ 1-28 (Vernon Supp. 2004-2005). In support of his contentions, Ferrell also specifically states that a review of the municipal pension statute in effect at the time of his transfer between plans "reveals support for his position" that he is entitled to benefits "starting 5/23/1977 until the present." He requests a review of the statutory definitions of "employee," "previous service," and "credited service," which, he asserts, "indicate that he should receive credit in the Municipal Plan for all his credited service time." Ferrell further asserts that HMEPS has "misplaced" its "reliance" on other statutory provisions which list certain people ineligible to become members of HMEPS. Ferrell also requests a review of the pertinent legislative history of the pension statute, which, he asserts, supports his position.
In their first supplemental petition, the plaintiffs seek declaratory relief to establish their "entitlement to Pension Benefits in the HMEPS retirement system for all of their years of service while working for the City of Houston," including "the period they were employed as police cadets which the City of Houston classified them as civilian employees." They also expressly *511 assert that this is "not a suit for money damages." The plaintiffs contend that they are "entitled to all benefits described in Article 6243h" and that they are "seeking to force government officials to follow the law or quit acting outside the scope of their authority." They also rely on other statutory provisions in support of their contentions.
Because the plaintiffs have brought a declaratory judgment action to determine the proper construction of the applicable statutes and to obtain a declaration of their rights, status and legal relations under the statutes to establish their entitlement to pension benefits in HMEPS, we hold that their action does not implicate the doctrine of governmental immunity. IT-Davy, 74 S.W.3d at 855. Moreover, because their suit is one brought to construe the applicable legislative pronouncements, we hold that the DJA waives governmental immunity for an award of their costs and reasonable and necessary attorneys fees as are equitable and just. Leeper, 893 S.W.2d at 446.
We cannot construe, as HMEPS does, the plaintiffs' live pleadings as an "effort to escape" immunity through an action for declaratory judgment and injunctive relief. Private parties may not circumvent a governmental unit's immunity from suit merely by characterizing a suit for damages as a declaratory judgment action. Thayer, 95 S.W.3d at 578. However, because Ferrell actually dropped all of his claims for money damages, and because the plaintiffs have expressly stated that this "is not a suit for money damages," we cannot conclude that the plaintiffs have merely "re-characterized" a claim for money damages as a declaratory judgment action. Thus, HMEPS's reliance on our holding in Thayer to support the contrary proposition is misplaced.
Moreover, we cannot agree with HMEPS's contention that the plaintiffs are merely seeking to control HMEPS's "lawfully authorized acts." A suit that seeks to control a governmental official's "exercise of discretion" within the official's "legal authority" is a suit to "control" governmental action. McLane Co., Inc. v. Strayhorn, 148 S.W.3d 644, 649 (Tex.App.-Austin 2004, pet. denied). Discretionary acts require the exercise of "personal deliberation, decision and judgment." Id. (quoting City of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex.1994)). HMEPS asserts that the plaintiffs, "unhappy with [HMEPS's] decision[s]," have asked the trial court to "reverse" those decisions. It is true that Ferrell asked HMEPS to transfer him from one pension group to another and that David Long, HMEPS's Executive Director, has denied his request for additional credit. It is also true that the plaintiffs disagree with HMEPS's written "Acknowledgment of Statutory Application." However, the plaintiffs base their disagreement on HMEPS's alleged misinterpretation of the governing statutory provisions, not HMEPS's exercise of lawful discretion. This difference of interpretation reveals the existence of a justiciable controversy between the plaintiffs and HMEPS, not that the plaintiffs seek to control the "lawfully authorized acts" of HMEPS.
Accordingly, we hold that the trial court did not err in denying HMEPS's motion to dismiss, for lack of jurisdiction, the plaintiffs' action for declaratory judgment on the grounds that HMEPS is a governmental unit generally entitled to immunity from suit.[6]
We overrule HMEPS's first issue.

*512 Exclusive Jurisdiction
Alternatively, in its second issue, HMEPS argues that the trial court erred in denying its motion to dismiss, for lack of jurisdiction, the plaintiffs' declaratory judgment action because HMEPS has "exclusive jurisdiction" over pension benefit eligibility determinations and there is no statutory right to "judicial review" of such decisions.[7]
We note that HMEPS's board administers, manages, and operates the state-created pension system[8] and is, thus, "in the nature of a public administrative body." Williams v. Houston Firemen's Relief & Ret. Fund, 121 S.W.3d 415, 426 (Tex.App.-Houston [1st Dist.] 2003, no pet.) ("Williams III"). Our analysis as to whether such an entity has exclusive jurisdiction over certain administrative determinations must begin with a recognition of the presumption that Texas courts are authorized to resolve disputes. In re Entergy Corp., 142 S.W.3d 316, 322 (Tex.2004). A statutory county court has jurisdiction over all causes and proceedings prescribed by law for county courts, including, within amount-in-controversy limitations, concurrent jurisdiction with district courts in civil cases. TEX. GOV'T CODE ANN. §§ 25.0003(a), 26.042(d) (Vernon 2004). A district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred... on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Thus, these courts of general jurisdiction will generally have subject matter jurisdiction over a dispute absent a showing to the contrary. In re Entergy Corp., 142 S.W.3d at 322; Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex.2000). A similar presumption "does not exist for administrative agencies, which may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency." In re Entergy Corp., 142 S.W.3d at 322. Courts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers. Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex.2002).
Accordingly, we must determine whether the "Constitution or other law" has conveyed exclusive jurisdiction on HMEPS. TEX. CONST. art. V, § 8; see In re Entergy Corp., 142 S.W.3d at 322. Whether such an entity has exclusive jurisdiction depends on statutory interpretation. Id. In construing a statute, our objective is to determine and give effect to *513 the Legislature's intent, and, in doing so, we look to the plain and common meaning of the statute's words. Id. When a statute's meaning is unambiguous, we interpret that statute according to its plain language. Id.
Under the exclusive jurisdiction doctrine, "the Legislature grants an administrative agency the sole authority to make an initial determination in a dispute." Subaru of Am., Inc., 84 S.W.3d at 221. The Texas Supreme Court has explained that:
[a]n agency has exclusive jurisdiction when "a pervasive regulatory scheme indicates that [the Legislature] intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed."
Id. (quoting Andrew G. Humphrey, Comment, Antitrust Jurisdiction & Remedies in an Electric Utility Price Squeeze, 52 U. CHI. L.REV. 1090, 1107 n. 73 (1985)). If an agency has exclusive jurisdiction, typically, "a party must exhaust all administrative remedies before seeking review of the agency's action." Id. When exhaustion is required, courts have only limited review of the administrative action. Id. As we stated in Williams III, when "a cause of action and remedy for its enforcement are derived from statute, the statutory provisions for review are mandatory and exclusive." 121 S.W.3d at 427.
Here, section 2 of article 6243h, entitled "Pension board" and which discusses the administration, management, and operation of HMEPS, provides, in pertinent part, as follows:
(x) The pension board shall manage the pension fund under this Act ... and may:
(1) adopt, for the administration of the pension fund, written rules and guidelines;
(2) interpret and construe this Act and any summary plan, descriptions, or benefits procedures ...;
(3) correct any defect, supply any omission, and reconcile any inconsistency that appears in this Act in a manner and to the extent that the pension board considers expedient to administer this Act for the greatest benefit of all members;
(4) determine all questions, whether legal or factual, relating to eligibility for membership, service, or benefits or relating to the administration of the pension fund to promote the uniform administration of the pension fund for the benefit of all members and retirees; and
(5) establish and maintain records necessary or appropriate for the proper administration of the pension fund.
(y) The determination of any fact by the pension board and the pension board's interpretation of this Act are final and binding on any interested party, including members, deferred participants, retirees, eligible survivors, beneficiaries, and the city.
TEX.REV.CIV. STATS. ANN. art. 6243h, §§ 2(x), (y) (emphasis added).
In support of its argument that the plaintiffs' declaratory judgment action is barred under the exclusive jurisdiction doctrine, HMEPS asserts that (1) the plain language of section 2(y) "demonstrates that [HMEPS's] decisions are final and are not subject to judicial review"; (2) "[w]here a statute is silent on the issue of judicial review, [an] agency's decision is final, and [a] court has no subject matter jurisdiction to review it," citing Pruitt v. City of Houston, 548 S.W.2d 90, 93 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ); and (3) this Court's opinion in Williams *514 III "makes clear that [HMEPS] has exclusive jurisdiction over benefit eligibility determinations like those at issue here and that there is no statutory right to judicial review of those decisions."
First, the plain language of section 2(y) of article 6243h does not reveal a legislative intent to grant HMEPS the absolute authority to act as the sole and final arbiter of its disputes with HMEPS's members, not subject to any type of judicial oversight. It is true that article 6243h does not expressly provide for judicial review of HMEPS's determinations of its members' benefits or eligibility and section 2(y) does state that the pension board's factual determinations and interpretations of the statute "are final and binding" on any interested party. TEX.REV.CIV. STAT. ANN. art. 6243h, § 2(y). However, such an administrative finality seems necessary for the efficient management and operation of HMEPS, and administrative finality is not the same as exclusivity. Under sections 2(x) and 2(y), it is readily apparent that the Legislature granted broad statutory powers to HMEPS's board to administer, to manage, and to operate the pension plan. As noted above, section 2, entitled "Pension board," concerns the board's administration, management and operation of HMEPS, but it does not at all address the rights of aggrieved interested parties in the context of the exclusive jurisdiction doctrine, i.e., whether HMEPS has "the sole authority to make an initial determination in a dispute." Subaru of Am., Inc., 84 S.W.3d at 221. Article 6243h does not create a "pervasive regulatory scheme" designed as "an exclusive means of remedying" the "problem" to which a "regulation is addressed." Rather, it provides a pension system that "shall operate for the benefit of the employees of a city." TEX.REV.CIV. STATS. ANN. art. 6243h, § 2(b). Unlike other statutes previously held to confer exclusive jurisdiction upon an agency, the plain language of the statute at issue here does not evidence an intent by the Legislature to grant HMEPS exclusive jurisdiction in contested matters. See In re Entergy Corp., 142 S.W.3d at 323 (holding agency's jurisdiction exclusive where statute acknowledged its purpose was to "establish a comprehensive and adequate regulatory scheme" and granted agency "exclusive original jurisdiction" over certain functions); Subaru of Am., Inc., 84 S.W.3d at 223 (holding agency's jurisdiction exclusive where statute expressly granted agency "exclusive original jurisdiction").
Moreover, as noted above, the Texas Supreme Court has stated that, "typically," if an agency has exclusive jurisdiction, "a party must exhaust all administrative remedies before seeking judicial review of the agency's action." Subaru of Am., Inc., 84 S.W.3d at 221. The doctrine of exclusive jurisdiction contemplates an aggrieved party's "appeal" to a court from administrative decisions or orders; it presupposes judicial review, albeit at the appropriate time. Although the plaintiffs disagree with HMEPS's alleged misinterpretation of the governing statutory provisions, the plaintiffs are not appealing from an administrative agency's "initial determination in a dispute" as contemplated under the exclusive jurisdiction doctrine. See id.
Second, HMEPS's reliance on Pruitt is misplaced. Pruitt, a Houston firefighter who was passed over for promotion by the fire chief, attempted to have a district court review the decision of the Firemen's and Policemen's Civil Service Commission upholding the bypass. Pruitt, 548 S.W.2d at 91. This Court noted that the pertinent statute provided authority for "appeal" to a district court from certain orders of the Commission, "but not from the sustaining *515 of a promotional bypass." Id. at 93. We noted that because the statute did not provide "for an appeal from such an order," the Commission's administrative action was "final and the courts have no jurisdiction to hear an appeal unless the administrative action complained of violates a constitutional provision." Id. Here, again, we are dealing solely with a declaratory judgment action, not an "appeal" to a court challenging an administrative order. Significantly, in Pruitt, we actually went on to hold that the trial court "had jurisdiction to determine whether the Civil Service Commission failed to comply with [a] provision" of the statute, and we remanded the cause for entry of a mandamus order directing the Commission to afford Pruitt the opportunity to participate in the Commission's review of the validity of the fire chief's reasons for denying him the promotion. Id. at 96.
Finally, Williams III is substantively different from the instant case and its holding is not controlling. Williams, a Houston firefighter, challenged the Houston Firemen's Relief and Retirement Fund's ("the Fund")[9] denial of his request to purchase prior service credit for his six years and five months' service with two other cities' fire departments. Williams III, 121 S.W.3d at 422-23. He asserted numerous constitutional and common law "claims" against the Fund and sought "compensatory and punitive damages, declaratory relief, pre- and post-judgment interest, attorney's fees and costs." Id. at 424. Treating his entire suit as an appeal from the Fund's benefit decision, this court addressed all of Williams's "claims," including his request for declaratory relief regarding the Fund's construction of the pertinent retirement statute, together[10] in the context of the statutory scheme for the determination of benefits, and we held that the Fund "had exclusive jurisdiction over Williams's claims." Id. at 427-29. This decision was based on the specific language of two pertinent statutory provisions that expressly addressed "rights of appeal" and judicial review of the Fund's benefit decision. Id. at 427-28. We noted that "[b]oth Williams's cause of action and remedy for its enforcement [were] derived from statute, [and that] the statutory provisions for review [were] mandatory and exclusive." Id. at 427.
Williams requested a review, based on his interpretation of a "former" retirement statute, of the Fund's method of calculating his future retirement benefits, and he sought an award of the credit, under his interpretation of the superseded statute. Id. at 426-29. We pointed out that Williams was not eligible for retirement and that he could not use the courts to require the Fund to calculate his future unvested pension benefits under already superseded law. Id. The retirement statute at issue expressly limited judicial review of the board's decision accepting or rejecting a claim for benefits to members "eligible for retirement." See id. at 427-29. Accordingly, we agreed with the Fund that the statute, "on its face [did] not allow judicial review of the Fund's credit determination until Williams [met its] requirements." Id. at 429 (emphasis added).
Williams III should not be read as holding that all declaratory judgment actions against administrative entities to determine the proper construction of pertinent *516 statutes or to obtain a declaration of rights, status and legal relations under pertinent statutes are precluded under the exclusive jurisdiction doctrine. Here, the plaintiffs seek an interpretation of a current statute and a determination of their rights under that statute in accordance with the courts' inherent power to construe statutes. We are dealing solely with a declaratory judgment action, not multiple claims that are, in effect, an improper appeal of an administrative decision. The DJA action before us is, in fact, an action for a declaration of the plaintiffs' rights, status and legal relationship with HMEPS, not a request for judicial review of an administrative benefits determination that is unappealable under the express language of the statute.
As noted above, here, the plaintiffs' disagreement with HMEPS merely reveals the existence of a justiciable controversy between the plaintiffs and HMEPS. The plaintiffs seek declaratory relief under the DJA, which is a "remedial" statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b). The DJA itself provides that persons may challenge "statutes" and "governmental entities must be joined or notified" in such circumstances. Leeper, 893 S.W.2d at 446. We hold that the doctrine of exclusive jurisdiction does not apply in the context of this action for declaratory judgment.
Accordingly, we further hold that the trial court did not err in denying HMEPS's motion to dismiss, for lack of jurisdiction, the plaintiffs' action for declaratory judgment on the grounds that HMEPS has "exclusive jurisdiction" over pension benefit eligibility determinations and there is no statutory right to "judicial review" of such decisions.
We overrule HMEPS's second issue.

Amount in Controversy and Ripeness
In its third issue, HMEPS argues that the trial court erred in "denying" its motion to dismiss the plaintiffs' declaratory judgment action concerning service credit for their time in the police academy because no determination as to the plaintiffs' eligibility for such credit has been made by HMEPS. In its fourth issue, HMEPS argues that the trial court erred in "denying" its motion to dismiss the plaintiffs' declaratory judgment action because they did not allege an amount of damages in controversy.
HMEPS did raise these issues as grounds for dismissal in the trial court, but the trial court, in the written order which is before us on appeal, expressly denied HMEPS's motion to dismiss solely on the basis of immunity. The trial court further noted that "[a]ll other issues raised by [HMEPS] are reserved for further consideration and are expressly not ruled upon at this time." HMEPS included the trial court's refusal to rule upon these additional grounds as issues in its notice of appeal. TEX.R.APP. P. 33.1(a)(2)(B). However, the grounds permitting a party to seek an interlocutory appeal from a trial court ruling are specific and narrow. In the present case, HMEPS's appeal is limited to the specific "interlocutory order" of the county court at law denying its "plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8).
Because the trial court, in its interlocutory order, expressly denied HMEPS's motion to dismiss solely on the basis of immunity and did not rule on the grounds asserted in HMEPS's third and fourth issues, we hold that no interlocutory appeal based on these additional grounds is authorized. *517 Accordingly, we further hold that we are without jurisdiction to consider the merits of HMEPS's third and fourth issues.

Conclusion
We affirm the order of the trial court.
Justice TAFT, concurring.
TIM TAFT, Justice, concurring.
I join the Court's judgment, and I also join much of its opinion. However, I write separately to express my disagreement with some of the majority's reasoning.
In holding that HMEPS does not have exclusive jurisdiction over the subject-matter of the plaintiffs' declaratory-judgment suit, the majority distinguishes Williams v. Houston Firemen's Relief & Retirement Fund, 121 S.W.3d 415 (Tex.App.-Houston [1st Dist.] 2003, no pet.) ("Williams III"). I believe that we cannot distinguish Williams III on the basis on which the majority does. I would, therefore, expressly overrule Williams III to the extent that it holds that the retirement statute at issue in that case  which is similar in material respects to the one at issue in this case  conferred exclusive jurisdiction on the pension board to interpret the retirement statute.

What Williams III Did
In Williams III, Williams sought to purchase prior service credit ("PSC") for the Houston statutory firefighters' retirement fund for the time that he had served with the fire departments of two other cities that did not have statutory retirement funds like Houston's. Id. at 422. While Williams's claim was pending, the Houston Firemen's Relief and Retirement Fund ("the Fund") interpreted the retirement statute's PSC provision, and adopted corresponding guidelines, to deny PSC to firefighters who had previously worked for cities that did not have pension funds like Houston's. Id. at 422. The Fund's sole basis for adopting the guidelines was its interpretation of the retirement statute's PSC provision. Id. at 442 n. 2 (Taft, J., dissenting). Based solely on its guidelines and on the undisputed fact that Williams had not previously worked for qualifying cities, the Fund denied Williams's PSC request. Id. at 422.
Williams sued the Fund and others, asserting three categories of claims against the Fund: (1) challenges to the merits of the guidelines and the Fund's PSC determination, which generally involved questions of statutory interpretation applied to undisputed facts;[1] (2) constitutional claims; and (3) common-law claims. Id. at 424. Although Williams sought damages, he also sought a declaration that the retirement *518 statute allowed him to obtain PSC and that the guidelines were thus erroneous; that is, he sought a declaration of the statute's meaning. See id. The Fund sought summary judgment on both jurisdictional and substantive grounds. See id. at 427-33. The trial court granted the Fund's summary judgment and rendered a take-nothing judgment against Williams on all of his claims against the Fund. Id. at 424-25.
We first considered over which of Williams's causes of action the trial court had jurisdiction. Id. at 426-29. The retirement statute in Williams III made the Fund's PSC determination final, without requiring the exhaustion of further administrative remedies, but then provided for judicial review of those determinations only when aggrieved firefighters were disabled or eligible for retirement. Id. at 427-28; see Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 17, 1975 Tex. Gen. Laws 1135, 1145, repealed by Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 1997 Tex. Gen. Laws 4794, 4811 (current version at TEX.REV.CIV. STAT. ANN. art. 6243e.2(1), §§ 2(j), 12(a) (Vernon 2003)). It was undisputed that, at the time of his filing suit, Williams was neither disabled nor eligible to retire. See Williams III, 121 S.W.3d at 425. Among its other holdings, the Williams III majority held that the courts had no jurisdiction to review Williams's challenges to the merits of the guidelines and the Fund's PSC determination, necessarily including his declaratory-judgment cause of action seeking statutory interpretation under undisputed facts. See id. at 426-29, 433-35. The majority reasoned that the retirement statute (which is strikingly similar in material respects to the retirement statute here) granted the Fund exclusive jurisdiction over "Williams's claims"  necessarily meaning, with respect to Williams's claims based solely on statutory interpretation, exclusive jurisdiction to interpret the retirement statute. See id. at 427. The majority based this exclusive-jurisdiction holding on the "pervasive regulatory scheme" that the retirement statute allegedly established. Id.
Although I agreed that the trial court lacked subject-matter jurisdiction over Williams's various claims for damages, I dissented to the disposition concerning his causes of action based on pure statutory interpretation because I concluded that (1) the retirement statute did not grant exclusive jurisdiction to the Fund over matters of statutory interpretation; (2) the district court had inherent jurisdiction over Williams's challenges based on statutory interpretation because they involved pure questions of law applied to undisputed facts, even though Williams did not yet meet the statutory requirements for judicial review; and (3) the trial court thus had subject-matter jurisdiction to interpret the statute at that time, i.e., to consider Williams's declaratory-judgment cause of action. Id. at 440-49 (Taft, J., dissenting). I further explained:
Persons aggrieved by an administrative agency's action have no absolute right to challenge that action in court: the right of judicial review of an agency determination exists only when
1. a statute allows judicial review,
2. the agency's action adversely affects a vested property right,
3. the agency's action violates certain constitutional rights,
4. the action exceeds the agency's jurisdiction, or
5. the agency action involves a pure question of law, such as the interpretation of a statute, when the agency does not have exclusive jurisdiction to determine that question of law.
*519 Id. at 441 (Taft, J., dissenting) (citations omitted; emphasis added). I also responded as follows to a principal argument that the majority asserted against my conclusion:
Because the majority believes that the Fund has exclusive jurisdiction over legal questions, it concludes that my position would eviscerate agencies' exclusive jurisdiction. That view misunderstands my position, which is simply that, in the absence of statutory authority to do so, courts may still consider pure questions of law that are raised by an agency's action when the agency itself does not have exclusive jurisdiction over the particular question of law. If I read the retirement statute to grant the Fund exclusive jurisdiction over pure legal questions, I would not apply the pure-question-of-law exception here. I do not so read the statute, however.
Id. at 447 (Taft, J., dissenting) (citations omitted; italicized emphasis in original; bolded emphasis added).

Why Williams III Cannot Be Distinguished
HMEPS relies on Williams III to argue that the retirement statute here grants it exclusive jurisdiction over the subject-matter of the plaintiffs' declaratory suit because we held that the similar retirement statute in Williams III granted the Fund exclusive jurisdiction over like matters. In today's opinion, the majority distin-guishes Williams III because
[Williams] asserted numerous constitutional and common law "claims" against the Fund and sought "compensatory and punitive damages, declaratory relief, pre- and post-judgment interest, attorney's fees and costs." Treating his entire suit as an appeal from the Fund's benefit decision, this court addressed all of Williams's "claims," including his request for declaratory relief regarding the Fund's construction of the pertinent retirement statute, together in the context of the statutory scheme for the determination of benefits, and we held that the Fund "had exclusive jurisdiction over Williams's claims." This decision was based on the specific language of two pertinent statutory provisions that expressly addressed "rights of appeal" and judicial review of the Fund's benefit decision. We noted that "[b]oth Williams's cause of action and remedy for its enforcement [were] derived from statute, [and that] the statutory provisions for review [were] mandatory and exclusive."
Williams requested a review, based on his interpretation of a "former" retirement statute, of the Fund's method of calculating his future retirement benefits, and he sought an award of the credit, under his interpretation of the superseded statute. We pointed out that Williams was not eligible for retirement and that he could not use the courts to require the Fund to calculate his future unvested pension benefits under already superseded law. The retirement statute at issue expressly limited judicial review of the board's decision accepting or rejecting a claim for benefits to members "eligible for retirement." Accordingly, we agreed with the Fund that the statute, "on its face [did] not allow judicial review of the Fund's credit determination until Williams [met its] requirements."
Williams III should not be read as holding that all declaratory judgment actions against administrative entities to determine the proper construction of pertinent statutes or to obtain a declaration of rights, status and legal relations under pertinent statutes are precluded under the exclusive jurisdiction doctrine. *520 Here, the plaintiffs seek an interpretation of a current statute and a determination of their rights under that statute in accordance with the courts' inherent power to construe statutes. We are dealing solely with a declaratory judgment action, not multiple claims that are, in effect, an improper appeal of an administrative decision. The DJA action before us is, in fact, an action for a declaration of the plaintiffs' rights, status and legal relationship with HMEPS, not a request for judicial review of an administrative benefits determination that is unappealable under the express language of the statute.
(Citations and footnote omitted.)
I perceive three bases for the majority's distinguishing Williams III, with none of which I agree.
First, the majority appears to distinguish Williams III because Williams asserted damages claims along with his declaratory-judgment request to interpret the statute and to declare his rights under it. I disagree that Williams III may be distinguished on this basis. Williams's having asserted damages claims along with his declaratory-judgment cause of action had no impact on the majority's holding concerning Williams's declaratory cause of action, which was based on statutory interpretation and a pure question of law. See id. at 433-34 (rejecting dissenting opinion's contention that trial court had inherent jurisdiction, in absence of statutory basis for judicial review, to consider pure questions of law because of pension board's exclusive jurisdiction over these matters); id. at 441-49 (Taft, J., dissenting) (explaining why court had jurisdiction to consider declaratory-judgment cause of action based on pure questions of law when agency did not have exclusive jurisdiction). Neither did Williams III involve a situation like that in Thayer v. Houston Municipal Employees Pension System, cited by the majority in this case, in which our Court held that Thayer could not "circumvent a governmental entity's immunity from suit by characterizing a suit for money damages as a declaratory judgment claim." 95 S.W.3d 573, 578 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The majority in Williams III in no way indicated or based its holding on a conclusion that Williams had impermissibly recharacterized his damages claims as declaratory-judgment allegations.
Second, the majority distinguishes Williams III because "[h]ere, the plaintiffs seek an interpretation of a current statute and a determination of their rights under that statute in accordance with the courts' inherent power to construe statutes" and because "[h]ere, we are dealing solely with a declaratory judgment action, not multiple claims that are, in effect, an improper appeal of an administrative decision. The DJA action before us is, in fact, an action for a declaration of the plaintiffs' rights, status and legal relationship with HMEPS, not a request for judicial review of an administrative benefits determination that is unappealable under the express language of the statute." I disagree that Williams III may be distinguished on this basis, either. At the core of his declaratory-judgment cause of action, Williams sought a declaration that the retirement statute meant what he claimed that it did; that the Fund's decision, which was based solely on the Fund's erroneous statutory interpretation applied to undisputed facts, was thus erroneous; and that he was entitled to prior service credit under the statute. That is, with respect to his declaratory-judgment cause of action, Williams in essence alleged that the Fund had misconstrued the retirement statute. And, recognizing in my dissenting opinion in Williams III that "[c]ourts have jurisdiction *521 to perform the inherently judicial function of determining pure questions of law, such as interpreting a statute," I further recognized that Williams's declaratory-judgment cause of action invoked that inherent jurisdiction, just as the plaintiffs' pleadings do here. Id. at 443, 447 (Taft, J., dissenting).
This is what the plaintiffs seek in this suit:
PRELIMINARY STATEMENT
Plaintiffs ... join in filing this action seeking declaratory relief that establishes his [sic] entitlement to Pension Benefits in the HMEPS retirement system for all his [sic] years of service while working for the City of Houston (COH). Defendants wrongfully contend that they are not entitled to benefits during the period they were employed as police cadets which [sic] the City of Houston classified them as civilian employees. Plaintiff [sic] respectfully requests the court to grant the declaratory relief requested and injunctive relief under law and equity.
* * *

A. Declaratory Judgment

. . .
11. A controversy has arisen concerning the credited years of service Plaintiffs should have in HMEPS retirement system. Accordingly Plaintiffs respectfully request that this Court grant declaratory relief declaring Plaintiffs [sic] correct length of service.
* * *
PRAYER FOR RELIEF
Plaintiffs respectfully request that this Court, upon trial, enter judgment in favor of Plaintiffs against Defendants and grant the following relief:
1. Declaratory Judgment and injunctive relief;....
The plaintiffs also alleged that the retirement statute's and its statutory predecessor's plain language supported their interpretation.
I see no material difference between the declaration that Williams sought (at least to the extent that he sought a declaration based on matters of statutory interpretation, rather than based on estoppel or other grounds) and the declaration that the plaintiffs seek here. Additionally, the plaintiffs and Williams both sued the governmental unit that had denied them prior service credit, and each sought a declaration that would affect the governmental unit's ruling. If Williams's statutory-interpretation declaratory-judgment cause of action is not materially like the declaratory-judgment action here, then I do not know what would be.[2]
*522 Third, the fact that the retirement statute that Williams sought to have interpreted had been superseded was not the basis of the majority's holding in Williams III that the retirement statute granted exclusive jurisdiction to the Fund over matters of statutory interpretation.[3] Moreover, as I explained in my dissenting opinion in Williams III, because the Fund had moved for summary judgment under the former retirement statute (and argued on appeal that that statutory version applied), the rules of summary judgment required that we apply the former statutory version in that case. See id. at 448 (Taft, J., dissenting).[4]

Why Williams III Should Be Overruled
Given my conclusion that Williams III cannot be distinguished on the basis cited by the majority, I would address the effect *523 of Williams III on this appeal. I do not believe that the holding in Williams III can be reconciled with our holding in this case  which I join fully  that the retirement statute here does not confer exclusive jurisdiction on HMEPS over the subject matter of the plaintiffs' declaratory-judgment action. Neither the statute at issue in this appeal nor the one considered in Williams III expressly states that the governmental unit has exclusive jurisdiction over matters of statutory interpretation. Likewise, for purposes of determining whether either statute confers exclusive jurisdiction by establishing a pervasive regulatory scheme,[5] the retirement statute here is indistinguishable in material respects from that considered in Williams III.[6] And the appellants in both suits asserted a declaratory-judgment action to determine the same matters: the interpretation of a retirement statute, what appears to have been a pure question of law in each case. See Williams III, 121 S.W.3d at 424. Simply put, if the retirement statute here does not confer exclusive jurisdiction on HMEPS to construe that statute, then neither did the statute in Williams III confer exclusive jurisdiction on the Fund to do so. Because the exclusive-jurisdiction holding in Williams III cannot be reconciled with our exclusive-jurisdiction holding in this case, and because I disagree with that holding in Williams III,[7] I would overrule Williams III in that respect.

Conclusion
For these reasons, and for the reasons set out in my dissenting opinion in Williams III, I would overrule Williams III to the extent that it held that the retirement statute at issue in that case gave the relevant pension board exclusive jurisdiction over statutory interpretation.
With these explanations, I join the judgment and join the majority opinion in all matters except for those addressed herein, to which extent I respectfully concur.
NOTES
[1] See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8) (Vernon Supp.2004-2005).
[2] See TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001-.011 (Vernon 1997).
[3] See TEX.REV.CIV. STATS. ANN. art. 6243g-4, §§ 1-29 (Vernon Supp.2004-2005).
[4] See TEX.REV.CIV. STATS. ANN. art. 6243h, §§ 1-28 (Vernon Supp.2004-2005). HMEPS members are divided into three groups"A," "B," and "C"each of which has different benefits and retirement options. See id.
[5] See TEX.R.APP. P. 33.1(a)(2)(B).
[6] We note that, in regard to HMEPS's contention that the plaintiffs have not properly included "an injunction as a cause of action in their pleadings," the law presumes that a defendant will recognize and respect the rights declared by a declaratory judgment and will abide by the judgment in carrying out its duties. Howell v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416, 433 (Tex.App.-Austin 2004, pet. denied). Ancillary injunctive relief may be obtained when the evidence shows that the defendant will not comply with the judgment. Id. The DJA expressly authorizes a party to obtain supplemental ancillary relief, including a permanent injunction, to enforce a declaratory judgment. Id. (citing TEX. CIV. PRAC. & REM.CODE ANN. § 37.011). However, a request for an injunction, where there is no indication that the defendant will attempt to contravene the district court's judgment, is "unnecessary." Leeper, 893 S.W.2d at 446.
[7] HEMPS presents this argument in the context of immunity pursuant to its assertions that the plaintiffs have not established a waiver of immunity and that no statute allows for judicial review of its actions.
[8] TEX.REV.CIV. STATS. ANN. art. 6243h, § 2(a).
[9] See TEX.REV.CIV. STAT. ANN. Art. 6243e.2(1) (Vernon Supp.2004-2005).
[10] We again note that private parties may not circumvent a governmental unit's immunity from suit merely by characterizing a suit for damages as a declaratory judgment action. Thayer, 95 S.W.3d at 576.
[1] Specifically, Williams alleged that (1) the Fund had misconstrued the retirement statute, (2) no or insufficient evidence supported the Fund's PSC determination, (3) the Fund's PSC determination was not supported by substantial evidence, and (4) the Fund's PSC determination was barred by res judicata, claim and issue preclusion, waiver, estoppel, and collateral estoppel. Id. at 424. Williams's first challenge clearly involved an issue of pure statutory interpretation. Although Williams phrased his second and third allegations in evidentiary terms, those challenges actually involved questions of statutory interpretation applied to undisputed facts because the Fund admitted that it had adopted the guidelines based solely on its interpretation of the retirement statute, the facts relevant to whether Williams could meet the guidelines were undisputed, and the sole reason that the Fund had denied Williams PSC was his not meeting the guidelines. Id. at 442 n. 2 (Taft, J., dissenting). Only Williams's fourth allegation did not involve pure statutory interpretation, and I thus did not consider that fourth allegation in my dissenting opinion in Williams III.
[2] Perhaps a better distinction between Williams III and this case is that the former case involved something akin to an exhaustion-of-remedies situation, while the current case does not. See Williams III, 121 S.W.3d at 443 n. 3 (Taft, J., dissenting) ("[T]he retirement statute makes the complained-of PSC ruling, like all of the Fund's rulings, final without then providing for administrative remedies to exhaust. The statute then allows judicial review of such final rulings upon the occurrence of a triggering event: eligibility for retirement or disability. Therefore, Williams did not technically exhaust administrative remedies, though he did obtain a final ruling."); id. at 445 n. 9 (Taft, J., dissenting) ("A statute that requires one to exhaust administrative remedies to obtain a final ruling before seeking court review... is analogous to a statute requiring one to wait for a triggering event, despite having obtained a final agency ruling, before seeking court review.... Both types of statutes allow judicial review after certain prerequisites are met."). The Texas Supreme Court has so far discussed or applied the doctrine of exclusive jurisdiction only in the context of exhaustion of administrative remedies. See, e.g., In re Entergy Corp., 142 S.W.3d 316, 321-22 (Tex.2004); Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex.2002); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 207 (Tex.2002). One could thus distinguish Williams III by stating that the doctrine of exclusive jurisdiction, which theoretically could apply in Williams III because that case presented something akin to an exhaustion-of-remedies scenario, might not apply in this case, which does not in any way concern exhaustion of remedies. Because the Texas Supreme Court has not yet indicated whether the exclusive-jurisdiction doctrine can or cannot apply outside the exhaustion-of-remedies context, I decline to distinguish Williams III on this basis; rather, because the disposition that I propose would be the same whether the doctrine applies here or not, I assume without deciding that the exclusive-jurisdiction doctrine can apply even when exhaustion is not an issue. (Indeed, HMEPS assumes that the exclusive-jurisdiction doctrine could apply in this case.) Because I do not believe that we need to reach this question, I also hesitate to join those portions of the majority's opinion implying that "the doctrine of exclusive jurisdiction does not apply in the context of this action for declaratory judgment" because the case does not involve exhaustion of remedies.
[3] Compare Williams III, 121 S.W.3d at 427 (holding, without relying on statute's having been superseded, that Fund had exclusive jurisdiction because retirement statute established "a `pervasive regulatory scheme,' governing the establishment and administration" of the Fund) and id. at 433-34 (criticizing dissenting opinion's conclusion that Fund did not have exclusive jurisdiction over statutory interpretation because, to arrive at such conclusion, dissenting opinion "must ignore the comprehensive statutory scheme from which all of Williams's rights derive, including the broad legislative grant of powers to the Fund to interpret and to construe the statute; the broad grant of power to the Fund to determine all legal and factual questions relating to eligibility for participation, service, and benefits or relating to the administration of the Fund; and the legislative limitation on the statutory right of review of Fund determinations.") with id. at 434-35 (asserting policy argument that "permitting the court (under the canon of inherent jurisdiction)... to second guess an administrative agency on matters within the agency's express jurisdiction" would "allow a participant in a statutory pension plan to freeze non-vested rights in time and to subject them to judicial enforcement.").
[4] "[T]he Fund affirmatively and consistently urged in its summary judgment motions, as it continues to do on appeal, that the former retirement statute controlled this case and that we should thus apply and construe that statute, rather than the current one. `[A] trial court cannot grant summary judgment for a reason that the movant does not present to the trial court in writing. Also, ... issues an appellate court may review are those the movant actually presented to the trial court.' Accordingly, for purposes of this lawsuit, the Fund has effectively chosen for itself which statutory version applies. Likewise, the Fund has never claimed that Williams's lack of a vested right in the laws' continuation precluded his statutory challenges to the Fund's interpretation of the former retirement statute. If the Fund  the rule-166a(c) summary judgment movant  never claimed that Williams's lack of vested rights precluded his statutory challenges, then neither should the majority rely on a policy argument based on that ground." Id. at 448-49 (Taft, J., dissenting) (citations and footnotes omitted).
[5] In re Entergy Corp., 142 S.W.3d at 322 ("An agency has exclusive jurisdiction `when a pervasive regulatory scheme indicates that Congress intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed.'") (quoting Subaru of Am., 84 S.W.3d at 221).
[6] Compare TEX.REV.CIV. STAT. ANN. art. 6243e.2(1), § 2(p) (Vernon 2003) (establishing powers of Houston Firefighters' Relief & Retirement Fund board) with TEX.REV.CIV. STAT. ANN. art. 6243h, § 2(x) (Vernon Supp.2004-2005) (establishing powers of HMEPS board).
[7] See Williams III, 121 S.W.3d at 441-49 (Taft, J., dissenting) (setting out reasons that pension board did not have exclusive jurisdiction over matters of pure statutory interpretation).