Opinion issued December 21, 2006












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00536-CV






THE COMPTROLLER OF PUBLIC ACCOUNTS OF TEXAS, THE
ATTORNEY GENERAL OF TEXAS, AND PRAIRIE VIEW A&M
UNIVERSITY, Appellants


V.


ADRIENNE WAITES, Appellee






On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause No. 05-02-17676






MEMORANDUM OPINION

 The issue in this statutory interlocutory appeal is whether sovereign immunity
bars a declaratory-judgment action in which a plaintiff requests the trial court to
determine whether a public servant is entitled to indemnification under Civil Practices
and Remedies Code chapter 104, but expressly does not ask the trial court to award
any money. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp.
2006) (allowing appeal from interlocutory order denying plea to jurisdiction), §§
104.001-.009 (Vernon 2005) (creating state liability for conduct of public servants). 
The trial court denied a plea to the jurisdiction, and we affirm.

Background


 Appellee Adrienne Waites was a student at Prairie View A&M University. She
sued Prairie View A&M University, Prairie View Chief of Police Rayford Stephens,
and Prairie View Police Officer Ronald Aleman in United States District Court for
the Southern District of Texas for depriving her of her civil rights under title 42,
United States Code, section 1983. The attorney general appeared and filed an answer
for Prairie View and Chief Stephens, but did not appear or answer for Officer
Aleman. After Officer Aleman's answer date passed, Waites wrote the attorney
general on February 1, 1999 and indicated she would delay seeking a default
judgment against Aleman in order to allow the attorney general time to defend
Aleman under chapter 104. See Tex. Civ. Prac. & Rem. Code Ann. § 104.005
(Vernon 2005) (requiring service of process or timely notice to attorney general). 
Waites dismissed her suit against Prairie View and Chief Stephens on February 11,
1999. In a March 25, 1999 letter, the attorney general informed Waites that he had
determined that Officer Aleman "is not entitled to the benefits of Chapter 104 of the
Civil Practices and Remedies Code in this suit."

 On April 20, 1999, the federal court rendered a default judgment against
Officer Aleman, made findings of fact, concluded that Aleman deprived Waites of her
rights, privileges, and immunities under 42 U.S.C. § 1983, and set the case for a jury
trial on the sole issue of damages. We summarize the facts found by the federal court. 
Waites, a Prairie View student, was a passenger in a car that was pulled over by
Aleman. After Aleman placed Waites in custody, he questioned her regarding the
kind of underwear she was wearing and insisted on seeing her bra. Officer Aleman
later offered to drive Waites to her dormitory, but instead took her to another building
where he told Waites that she owed him a favor, questioned her regarding her sexual
relationships, indicated that she should perform oral sex on him, forced her to remove
her bra, and touched one of her breasts before he eventually released her. On July 6,
1999, the federal court made an additional finding of fact that Officer Aleman was
acting in the course and scope of his employment with Prairie View when he violated
Waites's rights. On July 15, 1999, the federal court signed a judgment in Waites's
favor for $200,000.00 in compensatory damages and $14,697.89 in attorney's fees
awarded by the jury. Waites v. Aleman, No. H-98-3458 (S.D. Tex. July 15, 1999).

 Waites requested that the State pay her $100,000.00, which is the maximum
amount the State can indemnify a public servant under chapter 104. Tex. Civ. Prac.
& Rem. Code Ann. § 104.003(a) (Vernon 2005) (setting limits on amount of
recoverable damages). After the State declined to pay, Waites filed a motion
requesting the federal court to issue a turnover order assigning Officer Aleman's
causes of action for indemnification of the federal court judgment to Waites. See
Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a), (b) (Vernon Supp. 2006) (allowing
court to order judgment debtor to turn over nonexempt property). Waites served
notice to the attorney general of the hearing on the turnover motion. On May 15,
2001, the federal court signed the turnover order.

 On July 16, 2001, Waites filed a suit for a writ of mandamus and declaratory
judgment in Waller County district court against Prairie View, the State, the attorney
general, the comptroller of public accounts, and the governor, seeking
indemnification. Waites v. Prairie View A&M Univ., No. 01-07-16,004 (155th Dist.
Ct., Waller County, Tex.). After the case was transferred by agreement to Travis
County, the Travis County district court in 2001sustained the defendants' plea to the
jurisdiction, dismissing the case without prejudice as to Prairie View, the State, the
attorney general, and the comptroller of public accounts, and dismissing the case with
prejudice as to the governor. Waites v. Prairie View A&M Univ., No. GN1-03407
(53rd Dist. Ct., Travis County, Tex., Oct. 2, 2002). In addition to the plea to the
jurisdiction, the attorney general also disputed that he received notice as required by
chapter 104. On June 13, 2003, Waites filed a nonsuit as to all her remaining claims
in the Travis County case.

 On March 8, 2004, Waites filed a petition for a writ of mandamus directed at
the attorney general and comptroller of public accounts in the Texas Supreme Court
and seeking indemnification. In re Waites, No. 04-0219 (Tex.). The court denied
relief without issuing an opinion on June 18, 2004.

 On August 16, 2004, Waites filed the current case in state court in Travis
County against appellants the comptroller of public accounts, the attorney general,
and Prairie View, seeking a declaratory judgment concerning Officer Aleman's
entitlement to indemnification under chapter 104. Waites v. Comptroller of Pub.
Accounts, No. GN4-02641 (250th Dist. Ct., Travis County, Tex.); Tex. Civ. Prac.
& Rem. Code Ann. §§ 37.003, .004(a) (Vernon 1997) (allowing declaratory
judgments). Waites and appellants later agreed to transfer the case to Waller County,
apparently based on a recently enacted venue statute for Prairie View. See Act of
June 1, 2003, 78th Leg., R.S., ch. 1266, sec. 4.10, § 85.18(b), (e), 2003 Tex. Gen.
Laws 3575, 3588 (codifed at Tex. Educ. Code Ann. § 85.18(b), (e) (Vernon Supp.
2006)). In the current case, Waites contends that the comptroller and attorney general
have the authority to authorize payment under the General Appropriations Act. Act
of May 24, 2001, 77th Leg., R.S., ch. 1515, art. I, § 1, Fiscal Programs - Comptroller
of Public Accounts, A.1.5 & rider 3, 2001 Tex. Gen. Laws 5411, 5451, 5453
(authorizing comptroller to pay for settlements and judgments under chapter 104,
including indemnification for federal court judgments, and requiring all such claims
to be prepared, verified, and signed by attorney general's office).

 The appellants filed a plea to the jurisdiction claiming that the declaratory
judgment was an impermissible attempt to circumvent sovereign immunity. On May
18, 2006, the Waller County district court denied the plea to the jurisdiction, setting
up this interlocutory appeal.

Discussion


 Appellants raise two issues: (1) whether appellants are entitled to sovereign
immunity and (2) whether Waites can avoid sovereign immunity by bringing her suit
as a declaratory-judgment action. The first issue, as argued in appellants' brief, is
basically rhetorical. The cases are legion that the state as sovereign is immune from
suit. E.g., Tooke v. City of Mexia, 197 S.W.3d 325, 331-32 (Tex. 2006); Bd. of Land
Comm'rs v. Walling, Dallam 524, 525-26 (Tex. 1843). This immunity extends to the
State's agencies and officials. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex.
1997). Accordingly, we agree with appellants' statement of existing law.

 Appellants' second issue questions whether Waites can avoid sovereign
immunity by bringing her suit as a declaratory-judgment action. Appellants
acknowledge that certain types of declaratory-judgment actions against state officials
do not implicate sovereign immunity. See Tex. Natural Res. Conservation Comm'n
v. IT-Davy, 74 S.W.3d 849, 855-56 (Tex. 2002).

 Waites's live pleading contains the following:

 Plaintiff hereby notifies the Court and the Defendants that she
does not in this action seek an award or order of indemnification or
payment. A genuine controversy exists as to the necessary threshold
issue of whether or not Ronald Aleman is eligible for indemnification
[.] The resolution of such controversy does not entail any prejudgment
as to whether or not a means will exist for Plaintiff to collect
indemnification if the Court were to award Plaintiff the declaratory
judgment requested. The existence, or not, of any means for the Plaintiff
to collect indemnification after a grant of the requested declaratory
judgment is a separate and further issue not raised in this action. Such
means, if any, could just as well be legislative as judicial. Neither the
Court nor the parties need speculate as to how the legislative, executive,
or judicial branches of government might or might not act in response
to Plaintiff's outstanding request for indemnification in the event this
Court grants the Plaintiff declaratory judgment as to Aleman's eligibility
for indemnification.

Waites expressly has limited her suit to a determination of whether Officer Aleman
was entitled to indemnification. (1) Accordingly, the sole issue for the trial court to
determine is whether the attorney general was served in the federal-court case or
whether Officer Aleman timely delivered all process served on Aleman as required
by Civil Practices and Remedies Code section 104.005. Waites has expressly
excluded the issue of whether she is entitled to indemnification; therefore, she is not
asking the trial court to award her any money. We hold that this is not a suit for
money damages and does not implicate sovereign immunity. See Houston Mun.
Employees Pension Sys. v. Ferrell, 177 S.W.3d 502, 511 (Tex. App.--Houston 2005,
pet. granted). We deny appellants' second issue.

 We acknowledge there remain outstanding jurisdictional issues in this case:
whether Waites has standing to assert Officer Aleman's claim for indemnification and
whether Aleman's right to indemnification is assignable. See Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000) (discussing standing). We also
acknowledge, without deciding, that the issue of compliance with Civil Practices and
Remedies Code section 104.005 may be jurisdictional. See id. at 554-55 (discussing
proof of fact issues that are jurisdictional). Appellants have not raised these issues
in this interlocutory appeal.


 We affirm the trial court's order denying the plea to the jurisdiction.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Higley, and Wilson. (2)
1. Waites is not asking the trial court to determine, and appellants are not
asking this Court to determine, whether sovereign immunity bars the assignment of
a public servant's right to seek indemnity under Civil Practices and Remedies Code
chapter 104.
2. The Honorable Davie L. Wilson, retired justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.